CHARLES A. DAVIS, CONSUL-GENERAL OF THE KING OF SAX-
ONY, PLAINTIFF IN ERROR V. ISAAC PACKARD, HENRY DIS-
DIER. AND WILLIAM MURPHY, DEFENDANTS.

The record of the proceedings in this case, brought up with the writ of
error to the court for the correction of errors of the state of New York,
showed that the suit was commenced in the supreme court of the state of
New York, and that the plaintiff in error, who was consul-general of the
king of Saxony, did not plead or set up his exemption from such suit in
the supreme court; but, on the cause being carried up to the court for the
correction of errors, this matter was assigned for error in fact; notwith-
standing which, the court of errors gave judgment against the plaintiff in
error. The court of errors of New York having decided that the charac-
ter of consul did not exempt the plaintiff in error from being sued in the
state court, the judgment of the court of errors was reversed.

As an abstract question, it is difficult to understand on what ground a state
court can claim jurisdiction of civil suits against foreign consuls. By the
constitution, the judicial power of the United States extends to all cases
affecting ambassadors, other public ministers and consuls; and the judi-
ciary act of 1789 gives to the district courts of the United States, *exclu-
sively of the courts of the several states,* jurisdiction of all suits against con-
suls and vice-consuls, except for certain offences enumerated in the act.

It has been repeatedly ruled in this court, that the court can look only to
the record to ascertain what was decided in the court below.

Matter assigned in the appellate court as error in fact, never appears upon
the record of the inferior court; if it did, it would be error in law. The
whole doctrine of allowing in the appellate court the assignment of error
in fact, grows out of the circumstance that such matter does not appear
on the record of the inferior court.

If a consul, being sued in a state court, omits to plead his privilege of ex-
emption from the suit, and afterwards, on removing the judgment of the
inferior court to a higher court by writ of error, claims the privilege,
such an omission is not a waiver of the privilege. If this was to be viewed
merely as a personal privilege, there might be grounds for such a con-
clusion, but it cannot be so considered; it is the privilege of the country
or government which the consul represents. This is the light in which
foreign ministers are considered by the law of nations; and our constitu-
tion and law seem to put consuls on the same footing in this respect.

If this privilege or exemption was merely personal, it can hardly be sup-
posed that it would have been thought sufficiently important to require a
special provision in the constitution and laws of the United States.
Higher considerations of public policy, doubtless, led to the provision.
It was deemed fit and proper, that the courts of the government, with

which rested the regulation of foreign intercourse, should have cognizance of suits against the representatives of such foreign governments.

The action in the supreme court of New York against the defendant, was on a recognizance of bail, and it was contended that this was not an original proceeding, but the continuance of a suit rightfully brought against one who was answerable to the jurisdiction of the court in which it was instituted, and in which the plaintiff in error became special bail for the defendant; and therefore the act of congress did not apply to the case. Held, that the act of congress being general in its terms, extending to all suits against consuls, it applied to this suit.

A suit on a recognizance of bail is an original proceeding. A scire facias upon a judgment, is to some purposes only a continuation of the former suit. But an action of debt on a judgment is an original suit.

An action of debt on a recognizance of bail may be brought in a different court from that in which the original proceedings were commenced.

ERROR to the court for the correction of errors of the state of New York.

The defendants in error, Isaac Packard and others, instituted a suit in the supreme court of judicature of the state of New York against Isaac Hill and Ralph Haskins; and at August term 1824 of that court, Charles A. Davis, the plaintiff in error, entered into a recognizance as special bail of Isaac Hill. Judgment having been obtained against the defendant, Isaac Hill, in that suit, the plaintiffs in the same, Isaac Packard and others, brought an action of debt on the recognizance in the same court, against Charles A. Davis, as bail, to January term 1830.

To this action Mr Davis appeared by attorney, and upon several issues of fact and in law judgment was rendered against him, at May term of the court, for four thousand five hundred and thirty-eight dollars and twenty cents debt, and four hundred and sixty-nine dollars and nine cents damages and costs. Upon this judgment Mr Davis prosecuted a writ of error to the court for the correction of errors for the state of New York.

In the court for the correction of errors, the plaintiff assigned as error, " that he, the said Charles A. Davis, at the time of the commencement of the suit of the said Isaac Packard, Henry Disdier and William Murphy against him the said Charles A. Davis, was, and ever since hath continued to be, and yet is, consul-general of his majesty the king of Saxony,

[Davis v. Packard et al.]

in the United States, duly admitted and approved as such by the president of the United States. That being such, he ought not, according to the constitution and law of the United States, to have been impleaded in the said supreme court, but in the district court of the United States for the southern district of New York, or in some other district court of the said United States; and that the said supreme court had not jurisdiction, and ought not to have taken to itself the cognizance of the said cause: therefore, in that there is manifest error. And this he, the said Charles A. Davis, is ready to verify: wherefore, he prays that the judgment aforesaid, for the error aforesaid, may be revoked, annulled, and altogether held for nothing, and that he may be restored to all things which he hath lost by occasion of the judgment aforesaid."

To this assignment of errors the defendants in the court for the correction of errors filed the following plea.

" And the said Isaac Packard and others, defendants in error, before the president of the senate, senators, and chancellor of the state of New York, in the court for the correction of errors, at the city hall of the city of New York, by David Dudley Field, their attorney, come and say, that there is no error in the record and proceedings aforesaid, nor in the giving of the judgment aforesaid; because they say, that it no where appears by the said record, proceedings or judgment, that the said Charles A. Davis ever was consul of the king of Saxony; and they pray that the said court for the correction of errors may proceed to examine the record and proceedings aforesaid, and the matters aforesaid above assigned for error, and that the judgment aforesaid may be in all things affirmed. But because the court aforesaid is not yet advised what judgment to give of and concerning the premises, a day, therefore, is given to the said parties here, wheresoever, &c. to hear their judgment thereon, for that the said court is not yet advised thereof."

" Whereupon, the said court for the correction of errors, after having heard the counsel for both parties, and diligently examined and fully understood the causes assigned for error, and inspected the record and process aforesaid, did order and adjudge, that the judgment of the supreme court be in all things affirmed; that the plaintiff take nothing by his writ, and that

[Davis v. Packard et al.]

the defendants go without day; that the defendants in error recover against the plaintiff in error their double costs in defending the writ of error in this cause, to be taxed, and also interest on the amount recovered; by way of damages, and that the record be remitted, &c.

"Therefore it is considered by the said court for the correction of errors, that the judgment of the supreme court aforesaid, be, and the same is hereby in all things affirmed. It is further considered that the said defendants in error recover against the plaintiff in error their double costs, according to the statute in such case made and provided, to be taxed in defending the writ of error in this cause, and also interest on the amount recovered, by way of damages. And hereupon, the record aforesaid, as also the proceedings aforesaid in this same court for the correction of errors in the premises had, are to the said supreme court, wheresoever the same may be held, remitted, &c."

Upon this judgment, Mr Davis brought the case before this court by a writ of error.

At the January term 1832, the counsel for the defendants in the writ of error, Mr R. Sedgwick, moved to dismiss the writ of error for want of jurisdiction. Mr White having appeared for the plaintiff in error, the motion, after argument, was dismissed. 6 Peters's Reports, 41.

The case now came on for argument on the following points, presented for the consideration of the court, by Mr White, for the plaintiff in error.

1. The plaintiff in error being a foreign consul, the supreme court of New York had no jurisdiction of the case.

2. The defect of the jurisdiction was not cured by appearing and pleading to the action.

3. The court for the correction of errors in New York erred in not receiving the plea of the plaintiff in error, and in giving a judgment against him.

4. The judgment of the court for the correction of errors, being the highest court of the state, and against the rights, privilege and exemption claimed by a consul, ought to be re-

versed and set aside ; because it was in violation of the constitution and laws of the United States.

Mr White cited, 6 Peters, 45; 2 Laws of New York, 166, 601; 1 Binney, 138; 6 Wheat. 558; 12 John. 493, 469; 4 Wash. C. C. Rep. 482 ; 3 Dall. 475; 9 East, 447; 2 Peters, 157; 3 Peters, 202, 207.

To show that the action of debt on a recognizance of bail was an original suit, he cited, 3 Petersdorf's Abridg. 210 ; 3 Salk. 205; 4 Term Rep. 355; 2 Saunders, 71, a.; Tidd's Pract. 1099 ; 2 Archbold's Pract. 86 ; 2 Marsh. 232 ; 1 Dow. and Ryl. 126; 4 Eng. Com. Law Rep. 360; 16 Eng. Com. Law Rep. 126; 18 Eng. Com. Law Rep. 212; 1 Chitty's Rep. 713; 7 John. 318 ; 9 John. 80; 12 John. 459 ; 13 John. 424.

Mr R. Sedgwick submitted to the court a printed argument for the defendants in error, in which the following points were urged for the consideration of the court.

1. The court of errors had not jurisdiction of the question raised by the writ of error to this court.

2. No decision was made by that court upon any question mentioned in the twenty-fifth section of the judiciary act. Cited, Tidd's Pract. 1055, 1056 ; 3 Wend. 180; 2 Cowen, 50; 2 Wend. 145; 4 Wend. 179 ; 5 Revisors' Reports, 69.

The suit below having been on a recognizance of bail, was properly brought in the supreme court. Cited, 3 Maule and Sel. 385, 386 ; 6 T. R. 365 ; 1 Mason, 436 ; 3 Dall. 475.

The recognizance of bail is the commencement of the proceedings in regard to the bail. The court then had jurisdiction over the defendant, it not appearing that he was then consul; and this jurisdiction could not be taken away by any subsequent appointment of defendant as consul. Cited, 4 Wash. C. C. R. 482; 3 Dall. 475.

The defendant below should have pleaded to the jurisdiction. Cited, Bac. Ab. Error K. 5 ; Hills v. Martin, 19 John. 33 ; Mad. and Geld. 375 ; 6 Wend. 329 ; 1 Peters, 498.

Mr Justice THOMPSON delivered the opinion of the Court.

[Davis v. Packard et al.]

The writ of error in this case brings up for review, a judg-ment recovered against the plaintiff in error in the court for the correction of errors, in the state of New York. The case was before this court at the last term (6 Peters, 41), on a mo-tion to dismiss the writ of error for want of jurisdiction. This court sustained its jurisdiction under the twenty-fifth section of the judiciary act, on the ground that the decision in the state court was against the exemption set up by the plaintiff in error; viz. that he being consul-general of the king of Saxony in the United States, the state court had not jurisdiction of the suit against him. The principal difficulty in this case seems to grow out of the manner in which the exemption set up by the plaintiff in error, was brought under the consideration of the state court, and in a right understanding of the ground on which the court decided against it.

As an abstract question, it is difficult to understand on what ground a state court can claim jurisdiction of civil suits against foreign consuls. By the constitution, the judicial power of the United States extends to all cases affecting ambassadors, other public ministers, and consuls, &c. And the judiciary act of 1789 (2 Laws U. S. sec. 9) gives to the district courts of the United States, *exclusively of the courts of the several states,* jurisdiction of all suits against consuls and vice-consuls, except for certain offences mentioned in the act. The record sent up with the writ of error in this case, shows that the suit was commenced in the supreme court of the state of New York; and that the plaintiff in error did not plead or set up his ex-emption in that court, but on the cause being carried up to the court for correction of errors, this matter was assigned for error in fact; notwithstanding which the court gave judgment against the plaintiff in error.

It has been argued here, that the exemption might have been excluded by the court for the correction of errors, on the ground that it was waived by not having been pleaded in the supreme court. It is unnecessary to decide definitively whether, if such had been the ground on which the judgment of the state court rested, it would take the case out of the revising power of this court under the twenty-fifth section of the judiciary act; for we cannot say, judging from the record, that the judgment

turned on this point; but, on the contrary, we think the record does not warrant any such conclusion.

It has been repeatedly ruled in this court, that we can look only to the record to ascertain what was decided in the court below. The question before this court is, whether the judgment was correct, not the ground on which that judgment was given. And it is the judgment of the court of errors, and not of the supreme court, with which we have to deal.

Looking then to the record, we find that when the cause went up, upon a writ of error from the supreme court, to the court for the correction of errors, it was assigned as error in fact, that Charles A. Davis, before and at the time of commencing the suit against him, was, and ever since has continued to be, and yet is, consul-general of his majesty the king of Saxony, in the United States, duly admitted and approved as such by the president of the United States.

The record shows no objection to the time and place, when and where this matter was set up, to show that the supreme court of New York have not jurisdiction of the case. The only answer to this assignment of errors is, that there is no error in the record and proceedings aforesaid, nor in the giving the judgment aforesaid, *because it no where appears by the record,* proceedings or judgment, that the said Charles A. Davis ever was consul of the king of Saxony.

This was no answer to the assignment of errors. It was not meeting or answering the matter assigned for error. It is not alleged in the assignment of errors that it does appear, by the proceedings or judgment in the supreme court of New York, that Charles A. Davis was consul of the king of Saxony. Matter assigned in the appellate court, as error in fact, never appears upon the record of the inferior court; if it did, it would be error in law.

Suppose infancy should be assigned as error in fact; would it be any answer to say, that it no where appeared by the record, that the defendant in the court below was an infant.

The whole doctrine of allowing in the appellate court the assignment of error in fact, grows out of the circumstance that such matter does not appear on the record of the inferior court.

But the answer to the assignment of errors prays that the

[Davis v. Packard et al.]

court for the correction of errors may proceed to examine the record and proceedings aforesaid, *and the matters aforesaid above assigned for error.*

Under this informal state of the pleadings in the court for the correction of errors, how is this court to view the record? The most reasonable conclusion is, that the court disregarded matters of form, and considered the answer of the defendants in error as a regular joinder in error. And this conclusion is strengthened when we look at the form of the entry of judgment. "Whereupon the said court for the correction of errors, after having heard the counsel for both parties, and diligently examined and fully understood *the causes assigned for error,*" &c. affirms the judgment.

The only cause assigned for error was, that Charles A. Davis was consul-general of the king of Saxony; and the conclusion must necessarily follow, that this was not, in the opinion of the court, a sufficient cause for reversing the judgment. If it had been intended to say it was not error, because not pleaded in the court below, it would probably have been so said. Although this might not perhaps have been strictly technical, yet as the court gave judgment on the merits, and did not dismiss the writ of error, it is reasonable to conclude, that the special grounds for deciding against the exemption set up by the plaintiff in error, would have been in some way set out in the affirmance of the judgment.

If any doubt or difficulty existed with respect to the matters of fact set up in the assignment of errors, the court for the correction of errors was, by the laws of New York, clothed with ample powers to ascertain the facts.

The statute (2 Laws N. Y. 601) declares, "that whenever an issue of fact shall be joined upon any writ of error returned into the court for the correction of errors, and whenever any question of fact shall arise upon any motion in relation to such writ or the proceedings thereon; the court may remit the record to the supreme court, with directions to cause an issue to be made up by the parties to try such question of fact, at the proper circuit court or sittings; and to certify the verdict thereupon to the court for the correction of errors."

[Davis v. Packard et al.]

No such issue having been directed, we must necessarily conclude that no question of fact was in dispute; and as the record contains no intimation that this matter was not set up in proper time, the conclusion would seem irresistible, that the court for the correction of errors considered the matter itself, set up in the assignment, as insufficient to reverse the judgment. This being the only question decided in that court, is the only question to be reviewed here : and viewing the record in this light, we cannot but consider the judgment of the state court in direct opposition to the act of congress, which excludes the jurisdiction of the state courts in suits against consuls.

But if the question was open for consideration here, whether the privilege claimed was not waived by omitting to plead it in the supreme court, we should incline to say it was not. If this was to be viewed merely as a personal privilege, there might be grounds for such a conclusion, but it cannot be so considered. It is the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations, and our constitution and law seem to put consuls on the same footing in this respect.

If the privilege or exemption was merely personal, it can hardly be supposed that it would have been thought a matter sufficiently important to require a special provision in the constitution and laws of the United States. Higher considerations of public policy doubtless led to the provision. It was deemed fit and proper that the courts of the government, with which rested the regulation of all foreign intercourse, should have cognizance of suits against the representatives of such foreign governments. That it is not considered a personal privilege in England, is evident from what fell from lord Ellenborough in the case of Marshall v. Critico, 9 East, 447. It was a motion to discharge the defendant from arrest on common bail on the ground of his privilege under the statute 7 Ann, ch. 12, as being consul-general from the Porte. Lord Ellenborough said, this is not a privilege of the person, but of the state he represents, and the defendant having been divested of the character

[Davis v. Packard et al.]

in which he claims that privilege, there is no reason why he should not be subject to process as other persons; and the motion was denied on this ground. .

Nor is the omission to plead the privilege deemed a waiver in England, as is clearly to be inferred from cases where appli-. cation has been made to discharge the party from *execution*, on the ground of privilege under the statute of Ann, which is considered merely as declaratory of the law of nations; and no objection appears to have been made, that the privilege was not pleaded. 3 Burr. 1478, 1676.

· It may not be amiss barely to notice another argument which has been pressed upon the court by the counsel for the defendants in error, although we think it does not properly arise upon this record.

It is said the act of congress does not apply to this case, because, being an action upon a recognizance of bail, it is not an original proceeding, but the continuation of a suit rightfully commenced in a state court.

The act of congress is general, extending to all suits against consuls; and it is a little difficult to maintain the proposition, that an action of debt upon recognizance of bail is not a suit.

But we apprehend the proposition is not well founded; that it is not, in legal understanding, an original proceeding.

It is laid down in the books, that a scire facias upon a recognizance of bail is an original proceeding, and if so, an action of debt upon the recognizance is clearly so. A scire facias upon a judgment is, to some purposes, only a continuation of the former suit; but an action of debt on a judgment is an original suit.

It is argued, that debt on recognizance of bail, is a continuation of the original suit, because, as a general rule, the action must be brought in the same court. Although this is the general rule, because that court is supposed to be more competent to relieve the bail when entitled to relief, yet, whenever from any cause the action cannot be brought in the same court, the plaintiff is never deprived of his remedy, but allowed to bring his action in a different court, as where the bail moves out of the jurisdiction of the court. This is the settled rule in the state of New York; and it is surely a good reason for bring-

[Davis v. Packard et al.]

ing the suit in another court, when the law expressly forbids it to be brought in the same court where the original action was brought. 2 Wil. Saund. 71, a; Tidd's Practice, 1099, 6th ed.; 2 Archb. Prac. 86, book 3, ch. 3; 7 Johns. 318; 9 Johns. 80; 12 Johns. 459; 13 Johns. 424; 1 Chit. Rep. 713; 18 Common Law Rep. 212, n. a

But the reversal of the judgment in this case is put on the ground that from the record we are left to conclude, that the court for the correction of errors decided that the character of consul-general of the king of Saxony, did not exempt the plaintiff in error from being sued in the state court.

Judgment reversed.


This cause came on to be heard on the transcript of the record from the court for the trial of impeachments and correction of errors for the state of New York, and was argued by counsel: on consideration whereof, it is the opinion of this court, that the plaintiff in error being consul-general of the king of Saxony, exempted him from being sued.