## No. XIV.

### A. C. & A. K. ALLEN ET AL. v. THOS. W. WARD.

### A. C. & A. K. ALLEN ET AL. v. THOS. W. WARD.

(See Note 7.)

*Appeal from Harris County.*

HEMPHILL, JUSTICE.—The appeals in the cases above stated were brought up from the District Court for the County of Harrisburg, and depend upon the same state of facts. The appellee in this court (the plaintiff in the court below) recovered judgment against the appellants (who are defendants in the action) in both cases in the county court in January, 1838, from which judgments the defendants appealed to the district court. No statement of facts was sent up with the record; and at the December term of the district court in the same year, a mandamus was issued to the county court to send up the same, which being sent up in the vacation of the county court, and the district judge being of opinion that the same could only be given in at term time, the cause was continued. At the next session of the county court, the said statement was certified to in open court by the chief justice thereof, he being the only member of the court that had tried the cause still remaining in office. At

remove cause to Federal court. Appeal lies from refusal of motion. Rosenfield v. Condict, 44 T., 464; Durham v. Southern L. I. Co., 46 T., 182; Walker v. Howard, 10 T. C. A., 611. (j) Judgment against sureties alone on bail bond, and refusal of judgment on. Moore v. Schooner Anna Maria, 11 T., 655; Cox v. State, 34 T. Cr., 94. (k) Order allowing continuance. Dow v. Hotchkiss, 2 T., 471; Tinsley v. Trimble, 35 T., 425; Taylor v. Fore, 42 T., 256. (l) Granting new trial. Stewart v. Jones, 9 T., 469; Huston v. Starr, 12 T., 424; Goss v. McClaran, 17 T., 107; Dial v. Collins, 40 T., 367; Long v. Garnett, 45 T., 400; Morehead v. I. & G. N. Ry. Co., 46 T., 178; G. C. & S. F. Ry. Co. v. James, 73 T., 12; Hamilton v. Prescott, 73 T., 565; Schintz v. Morris, 13 T. C. A., 580; Hume v. Schintz, 16 T. C. A., 512; Lay v. Ballinger, 1 App. C., sec. 23. (m) Setting aside order discharging guardian. Lehman

the June term of the district court, the judgments in both cases in the county court were affirmed, from which the defendants appealed to this court.

It was contended that the judgments of the district court should be reversed on various grounds; and among others that the statement of facts sent up from the county court was not given at the term of the court when the trial was had; that it was given during a vacation of the said court; that it was not certified to by the whole of the members composing the same at the time of the trial. The provision of our statute (volume 2, page 94) requiring a statement of facts to be sent up to the Court of Appeals, is expressed in the following terms, viz: "That in all cases of appeals to the Supreme Court, the trial shall be on the facts as agreed on, or certified by the judge below," etc. The time at which this agreement between the parties as to the facts, or the certificate given by the judge, is not pointed out. It is not required—as it is by statutory regulations in many countries—that the statement of the facts should become a part of the record, properly so called, and be certified to by the clerk as constituting a portion of the proceedings on the trial below. Whether it would have been wise in Congress to have required the facts to have been made out at the term of the court below, where the trial was had, to have constituted them a portion of the record—a transcript of which might be sent up by the clerk authenticated by his seal of office— it is not now for us to determine. Nor do we decide on the wisdom of the rule which suffers the parties or the judge to furnish a statement of facts at any time before the docketing of the case in the Court of Appeals. It is our duty simply to enforce the statute in the sense in which we understand it; and where the Legislature has fixed no limitation to the time in which the statement of facts may be made out, it is not our duty to prescribe one. Vide McMicken v. Reilly et al., 7 Martin (N. S.), 393, and 8 Martin (N. S.), 303.

The length of time, then, which elapsed between the trial and the sending up of the statement of facts constitutes no valid objection to their admission.

We are also of opinion that there is nothing in our law requiring the facts to be made out by the judge during the *term* time of the inferior court—and that the judge of the district court erred in not admitting the statement sent up in compliance with the mandamus, certified by the chief justice and one of his associates, on the ground that the same was made out during a vacation of the county court. We are not to be understood as regarding with approbation the neglect to procure a statement

---

v. Gajusky. But may appeal from denial of motion to set aside appointment. Arthur v. Reed, 26 T. C. A., 574.

**Note 4.**—Winfried v. Yates, p. 363.

Withdrawal of answer is a waiver of defects and confession of cause of action. Wescott v. Menard, Dal., 503; Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Prewitt v. Perry, 6 T., 260; Grier v. Powell, 14 T., 320; Story v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Goodlett v. Stamps, 29 T., 121; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Graves v. Cameron, 77 T., 273; Wheeler v. Roberts, 2 App. C., sec. 129. Withdrawal

of the facts for any considerable period after the trial of the cause. Where the testimony is oral and is preserved probably only in the frail memory of the parties or of the judge, it is highly proper that the facts should be made up at a very early day after the decision of the case.

We can not perceive that the condition of the appellants would be materially improved by rejecting the statement of facts sent up from below. The judgments in the county court would then have been before the district court without any error in fact or in law, without any statement of facts, bill of exceptions, or other matter or thing which would have justified the reversal or disturbance of the judgment of the inferior court. The appeal must of course have been dismissed; for it is a well established principle, generally recognized in judicial proceedings, that verdicts of juries and judgments of courts will remain valid until some error therein, either in law or fact, is alleged and shown; and that the party who seeks to reverse or avoid the same must take upon himself the burden of showing good grounds for their reversal.

It may however be alleged that the appellant was not in fault; that the record shows a statement of facts to have been made out by him. This however was not agreed to by the appellee. In that event we believe it was his duty to have applied to the judge for a certificate of the facts, and to have shown to the appellate tribunal that such application was made. Without showing this fact, or that he had used due diligence to procure a statement from the judge, the party in default could not have reasonably expected the aid of the superior tribunal, by mandamus or other remedial writ, in bringing up the facts from the lower court; and much less could he have expected that his default should occasion any damage to the appellee or work the reversal of his judgment. In these cases the facts have been examined by the court and they are satisfied with the verdicts of the juries and the judgments thereon rendered. And as the conduct of the appellant seems to be vexatious, and the appeals taken for delay, and as the party appealing had no probable good and sufficient reason for taking such appeals, it is ordered and decreed that the judgment of the district court in both cases be affirmed, with 10 per cent damages on the amounts of said judgments, besides the interest and costs of suit on the same.

---

of answer after demurrer is overruled does not amount to a confession. Frazier v. Todd, 4 T., 461; Janson v. Bank, 48 T., 599. The judgment must conform strictly with the cause of action alleged in the pleadings. Storey v. Nichols, 22 T., 87; Janson v. Bank, 48 T., 599; Etter v. Dignowitty, 77 T., 212; Wheeler v. Roberts, 2 App. C., sec. 129. Judgment nihil dicit partakes of nature of judgment by default and by confession, and is construed liberally in plaintiff's favor. Cartwright v. Roff, 1 T., 78; Burton v. Lawrence, 4 T., 373; Wheeler v. Pope, 5 T., 262; Storey v. Nichols, 22 T., 87; Gilder v. McIntyre, 29 T., 89; Graves v. Cameron, 77 T., 273; Wheeler v. Roberts, 2 App. C., sec. 129.

**Note 5.**—Land Commissioners v. Bell, p 366.

Colonization law of March 25, 1825, repealed by law of April 28, 1832, and latter by law of March 26, 1834. Republic v. Inglish, Dal., 608; Creth v. Republic, 1 T., 83; Ferguson v. Johnson, 11 T. C. A., 413. The law of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), which provided that officers and soldiers who arrived in Texas after March 2, 1836, and prior to

## XV.

### REPUBLIC OF TEXAS v. MUMFORD, ALIAS WHITE.

*Bigamy.*

JONES, JUSTICE.—This case came up from the District Court of Robertson County on the two following points, reserved by Justice Mills under the forty-third section of the act organizing the district courts, for the decision of the Supreme Court.

First. Whether a marriage by bond was such a marriage as would support an indictment for bigamy.

Second. That White, the original husband, could not be introduced to prove the loss of the original marriage bond.

As it is unnecessary here to decide whether a marriage by bond, as authorized by the laws of the general council, is valid or not, it will be sufficient ground for the court in disposing of this case to determine that the admission of the testimony of the husband to prove the loss of the marriage bond was erroneous, it being evidence against her who was prosecuted and claimed as his wife. There being no record, or other proof of the marriage produced before the jury in the district court, the judgment below is reversed and the prisoner ordered to be discharged.

*Reversed.*

## XVI.

### WHITEMAN v. GARRETT.

*Appeal from San Augustine County.*

RUSK, CHIEF JUSTICE.—This was an appeal taken from the District Court of San Augustine County. The suit of the plaintiff in the court below was instituted upon a bond to pay money on the part of defendant, and to make title to certain lands on the part of plaintiff.

The court is of opinion that the agreement under seal on which suit was brought in the district court is a bond of mutual obligations, compelling the defendant to pay certain moneys, upon the payment of which the plaintiff bound himself in the penalty of $8000 to make title to certain lands. An action will lie to compel a specific performance of the contract on the part of Garrett. The judgment of the district court is affirmed with costs.

*Affirmed.*

---

August 1, 1836, and who had received an honorable discharge, did not give officers and soldiers whose families resided out of Texas the same quantity of land, as to colonists whose families resided in Texas. Grooms v. State, 1 T., 568; Hill v. Kerr, 78 T., 213. Grants provided for by the Constitution of the Republic and Act of December 14, 1837, applied only to citizens who were in Texas. Republic v. Inglish, Dal., 608; Creth v. Republic, 1 T., 83. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commrs. v. Reily, Dal., 381; Land Commrs.

## No. XVII.

### EDMUND ANDREWS v. ELIZABETH ANDREWS.

#### (See Note 8.)

*Motion to reverse judgment.*

SHELBY, JUSTICE.—The appellant assigns the following reasons for the sustaining his motion:

1.  Because there is no such right known to our laws as that prayed for, in relation to alimony.  On this point we differ entirely with appellant's counsel and believe it is a practice sanctioned by all the courts of chancery jurisdiction in the civilized world; for if such was not the case, a cruel man might expel his wife from his house and starve her to death whilst she was seeking redress; therefore, in all cases against guardians where rights of minors are concerned, and who are presumed to have no means of support, as well as in cases of divorce, the court will make interlocutory decrees for the minor and the wife, both predicated upon the same principle, to wit, the helplessness of the complainant; and if a doubt existed on the subject, I conceive the Legislature of our government has put the question to rest in the act entitled "An act amending the judiciary laws, etc.," approved December 18, 1837, section 2, volume 2, page 95.  It is said that "the district courts shall have power to hear and determine all suits or actions arising between husband and wife for divorce, and may decree divorces as well from the bonds of matrimony as from bed and board, or for a separate maintenance."  This act, it is believed, apart from the rules of equity, which we believe should govern in all such cases, would authorize a decree for a separate maintenance pendente lite.

The second reason assigned for reversal of judgment below is, if such right exists at all, the answer charges adultery in the plaintiff, by which it is forfeited.  This reason we consider equally inefficacious with the foregoing one, and will apply to the merits on the final hearing, and not on interlocutory decree, as we view this clearly to be, and such as the district court sitting as a court of equity was bound to make, if he was satisfied in his own conscience that it was just and coisistent with the rules of equity, without regard to any other evidence than that contained in the petition and answer; and that he was not bound as a chancellor to call the intervention of a jury unless to satisfy his own conscience, which must have been easy or he would not have proceeded to pronounce herein; and we conceive all the proceedings below as correct and warranted by the rules of equity, and that therefore the said reasons

v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant.  Lockhart v. Republic, 2 T., 127.  But it

be overruled and the appeal dismissed; as be believe no appeal can be taken from an interlocutory decree, which we consider this to be clearly.

*Dismissed.*

## No. XVIII.

### REPUBLIC OF TEXAS v. W. D. BYNUM.

*Upon habeas corpus.*

JONES, JUSTICE.—The prisoner, William D. Bynum, having been brought before the court by writ of habeas corpus, and having examined the cause of his commitment and detention, I am satisfied that the offense with which the prisoner stands charged is not known to the common law nor to the statutes of this Republic. The words, "or other articles of value," are too indefinite and do not import any offense. Under the rule of construction applied to penal statutes, they must be considered nugatory. They are always construed in the mildest sense for the accused. I am therefore of opinion that the prisoner should be discharged.

---

# JANUARY TERM, 1841.

## No. I.

### BAILEY v. HADDY, ADMINISTRATRIX, ETC.

(See Note 9.)

*Appeal from Austin County.*

HUTCHINSON, JUSTICE.—The appellee sued the appellant in the District Court of Austin County, for a trespass in burning her dwelling, etc. The answer denied the petition generally. Verdict and judgment were rendered for the plaintiff, from which the defendant appeals. With the transcript there is a statement without date or reference to the court, but certified by the judge as containing, *in substance,* the testimony given at the trial. For the appellant it is urged that the plaintiff did not show title or possession, the proof being that Elizabeth Haddy's house was burnt, and her claim being in a fiducial character. For the appellee it is insisted that the evidence supports the petition;

---

will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460.

and if not, that a new trial ought to have been asked, and that being omitted, the verdict should not be disturbed.

The plaintiff claims in her petition the dwelling, etc., as belonging to the succession she represented, and that to it the entire injury resulted. If the statement could be properly taken as an appendix to the transcript, it professes only to give the testimony in substance and not in detail. If it had been certified to contain all of the facts proved, or that there was no other evidence, or that the plaintiff in any specified particular had failed by proof to sustain her petition, we should have some tangible matter on which to question the verdict. If objection to the relevancy or sufficiency of proof was made below, it does not appear here; and if indeed none was made, why interrupt the verdict? There was evidence that an injury was committed to the plaintiff, either in her natural or fiduciary capacity, which she averred was to her in the latter; and by her suit and recovery in the latter she became precluded from subsequent recovery in the former capacity. In an appellate court, no presumption against a verdict is indulged, whilst all reasonable inferences in support of it are allowable.

There are also other important principles on whose application this cause depends—principles arising from the structure, powers, and course of this court and the necessity of a compatible practice in the subordinate tribunals. By the Constitution, article 4, section 8, this court is invested with appellate jurisdiction only; but that (according to the original instrument itself) is to be *coextensive* with the Republic. By the Act of December 15, 1836, section 3, page 79, it is to hear and determine all causes and controversies, civil and criminal, removed from the subordinate courts, by appeal, or other legal process, and which are cognizable here according to the Constitution and laws. The ninth section of that act directed that in all cases of appeal the trial should be on the facts as found by a jury; and if not sufficiently stated, that the cause should be remanded for new trial. The Act of December 22, 1836, section 46, page 211, required the facts to be so found and reported in the verdict, to be made part of the record; that on an appeal, the facts so found should be conclusive; and that the judgment of the appellate court should be rendered thereon. This last section, however, was repealed by the Act of December 18, 1837, section 6, page 95. The Act of February 5, 1840, section 12, page 89, requires the decision here to be as if there had been no defect of form, provided the record presents sufficient matter of substance to enable the court to decide the cause on its merits, and provided that no prejudice be done to the parties in their

**Note 6.**—Mann v. Thruston, p. 370.

Errors not objected to in trial court can not be raised on appeal. Edwards v. Peoples, Dal., 359; Bailey v. Hardy, Dal., 376; Wescott v. Menard, Dal., 503; Darly v. Chevallier, Dal., 555; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Connor v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 15 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9; Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen v. Traylor, 31 T., 124; Andrews

right to a trial by jury. The ninth and eleventh declarations of right declare, that the right of trial by jury shall remain inviolate; and that all courts shall be open, and a remedy afforded the citizen for any injury to his estate, person or reputation. By the Constitution, article 4, section 13, Congress was required to adopt the common law; the Act of December 20, 1836, section 41, page 156, adopted it in relation to juries and evidence; and the Act of January 20, 1840, section 1, page 3, adopted that body of law generally, where not inconsistent with the Constitution and statutes mentioned. By the first section of the Act of December 18, 1837, page 94, the trial here is to be *on the facts as agreed on or certified by the judge of the court below;* and if not so fully and clearly stated as to enable this court to give its judgment, the cause is to be remanded. The thirty-seventh section of the Act of February 5, 1840, page 92, now requires the facts to be agreed on, or certified before the rising of the court below.

From these constituent and legislative provisions we deduce:

1. This court is exclusively an appellate tribunal, constituted and required to review and correct the errors of the courts of original jurisdiction in their application of the laws, and to conform the verdicts of juries to those rules of civil conduct, exerting control over verdicts with great caution and never to the denial of the redress, or exoneration afforded by them, except in plain instances of illegality or abuse. This principle may require a brief illustration. The idea imported by the term *appellate jurisdiction* is clearly expressed by a learned American jurist: "An appeal is a process of civil law origin, and removes a cause entirely, subjecting the facts as well as the law to a review and retrial. A writ of error is a process of common law origin, and it removes nothing for re-examination but the law. The former mode is usually adopted in cases of equity and admiralty jurisdiction; the latter, in suits at common law tried by a jury." 3 Story's Com. Eq., 627. Our statute in reference to the mode of removing causes into this court, by using the terms, "by appeal or other legal process," evidently contemplated some other mode than that by appeal; but considering that the common law, in regard to civil prosecution, except as to the pleadings and where a legislative provision intervenes, has been introduced, the writ of error may be regarded as a process of removal; though to what extent, or under what regulation and limitations, need not be here decided. The only mode mentioned in the statutes is that by appeal; and in order to give to this court the indispensable revisory power over the action of the courts below, that mode must embrace all the functions of a writ of error as well as those of an appeal in its most restricted sense. In

---

v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Eames, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v. Ray, 50 T., 511; Urquhart v. Womack, 53 T., T., 616; Brooks v. Clark, 57 T., 105; Caruth v. Grigsby, 57 T., 259; Farley v. Deslonde, 58 T., 588; Long v. Garnett, 59 T., 229; Langton v. Marshall, 59 T., 269; Flanagan v. Pearson, 61 T., 302; Gaines v. Nat. Exchange Bank, 64 T., 18; Ford v. Cowen, 64 T., 129; Blum v. Golden, 66 T., 621; Cannon v. Cannon, 66 T., 682; Tevis v. French, 71 T., 59; Ellis v. Garvey, 76 T., 371; Shornick v. Bennett, 77 T., 244;

regard to the facts, they are no longer imperatively to be found by a jury, but are to be agreed on or certified. The Act of 1840 puts causes in this court broadly on their merits with the limitation ever to be regarded, that trial by jury is to remain inviolate.

2. When, in the court below, a jury intervenes, their verdict may be general; or, according to common law, they may find the facts specially, and submit to the court what shall be the result. If the verdict be general and a review of it is desired, and the evidence on which it is rendered shall be required in the review, it ought to be clearly and fully agreed on, or certified.

3. If on a trial the law be given to the jury in favor of a party and the verdict is against that party, he ought, if he feels aggrieved, to apply for a new trial. That remedy is immediate and less expensive than a resort to this court. If, contrary to what would be probable in such case, the application is rejected, still the grounds of it, the evidence, if involved in the question and the action of the court, can be removed here for review.

4. When, on a trial below, the opinion or action of the court is adverse to a party and he deems it erroneous, he will not be considered at fault for not asking a new trial, but should save the questions or points and evidence involved and resort to this court; or ask a new trial, and if refused, resort here.

5. But when there is a general verdict, without any point or question raised below, as is the case now in consideration—and after looking into the record, as we must, and as we have done in this instance, we perceive no substantial ground of illegality or injustice; the verdict ought to be sustained; a vague statement of the testimony ought not to overturn it. The statutes referred to, of later date than the judgments below, have no influence on the result of this opinion. It was, before the verdict, and still is a prominent policy of our municipal system to afford to the suitor the benefit of the verdict of the peers of his vicinage, who have before them the witnesses in person, and who can derive—and justly, too—conclusions from facts and circumstances which the judge may overlook, or not remember, or be quite unable to transmit in any graphic representation. To reverse a judgment on the facts only as certified, they ought to be certified as the only facts proved; and then the illegality or abuse of the verdict ought to be manifest. The institution of jury trial has perhaps seldom or never been fully appreciated. It has been often eulogized in sounding phrase, and often decried and derided. An occasional corrupt or biased or silly verdict is not enough for condemnation; and when it is said the institution interposes chances

Brown v. Perez, 79 T., 157; Cason v. Conner, 83 T., 26; Hanrick v. Curley, 93 T., 458; Lytle v. Custead, 4 T. C. A., 490; Baker v. Collins, 4 T. C. A., 520; Spencer v. James, 10 T. C. A., 327; Eastham v. Sims, 11 T. C. A., 133; Prestage v. Loving, 1 App. C., sec. 707; Adams v. Duggan, 1 App. C., sec. 1268; Sears v. Green, 1 U. C., 734. Errors must be presented by bill of exceptions. Secrest v. Townsend, 1 T., 414; Hobbs v. State, 44 T., 353; I. & G. N. Ry. Co. v. Stewart, 57 T., 166; Martin-Brown v. Wainscott, 66 T., 131; Hays v. Dean, 66 T., 663; Kahanek v. Railway, 72 T., 476; Davis v. State, 75 T., 420;

of justice and checks against venality and oppression, the measure of just praise is not filled. Its immeasurable benefits, like the perennial springs of the earth, flow from the fact that considerable portions of the communities at stated periods are called into the courts to sit as judges of contested facts, and under the ministry of the courts to apply the laws. There the Constitution and principles of the civil code are discussed, explained and enforced, and the jurors return into the bosom of society instructed and enlightened, and disseminate the knowledge acquired; and do we not perceive, without further illustration, that to these nurseries of jurisprudence and of the rights of man, more than to all other causes, the Anglo-Saxon race has been pre-eminent for-free institutions and all the political, civil and social virtues that elevate mankind? Let us then preserve and transmit this mode of trial not only inviolate, but if possible purified and perfected.

This cause coming on to be heard on the transcript of the record and certified evidence, and the same being inspected and the arguments of counsel heard, because it seems to the court that there is no error and that the verdict and judgment herein in the court below ought to be sustained, it is therefore considered by the court that the same be in all things affirmed, and that the appellee recover of the appellant her costs in this behalf in this court expended. Let this affirmance be certified below for execution.

*Affirmed.*

### No. II.

#### STAFFORD v. PERKER.

*Remanded for a rehearing.*

TERRELL, JUSTICE.—In this case there is too much vagueness and uncertainty in the record to enable this court either to affirm or reverse the judgment of the court below, or to enable the court here to pronounce such judgment as that court should have given.

The finding of the jury was both imperfect and defective. The judgment of the court upon that finding extends only to the costs of the suit, and says nothing about the property in controversy. Under this state of things, therefore, this court can do nothing except to send the case back for a rehearing; and if either party suffer injury by it, he may censure himself or his counsel for bringing into this court a cause in such condition that the court can take no action upon it. The costs to abide the final result of the suit.

*Remanded.*

---

T. & P. Ry. Co. v. Evans, 2 U. C., 318; Adams v. Duggan, 1 App. C., sec. 1268.

**Note 7.**—Allen v. Ward, p. 371.

Judgment should be entered on verdict before appeal is taken. Warren v. Shuman, 5 T., 441, 450. An appeal lies only from a final judgment. East and West Texas Lumber Co. v. Williams, 71 T., 444; Davis v. Martin, 15 T.

## No. III.

### BOARD OF LAND COMMISSIONERS OF NACOGDOCHES COUNTY v. JAMES REILY, ASSIGNEE.

(See Note 10.)

*Appeal from Nacogdoches County.*

HEMPHILL, CHIEF JUSTICE.—The appellee in this case, as the assignee of various individuals, applied to the board of land commissioners for the county of Nacogdoches for certificates for the claims to land to which he alleged his assignors were respectively entitled as the grantees of orders of survey, obtained according to the laws of the country. The application being rejected, an appeal was taken to the district court, and during the pendency of the case before that tribunal, the following agreement was entered into between James Reily, the appellee in this court, and Charles S. Taylor, the district attorney of the Fifth Judicial District, viz: "It is agreed that in all the land cases now on docket of the District Court of Nacogdoches, wherein James Reily has sued the board of land commissioners, either as assignee or attorney, upon orders of survey with field notes annexed, the following points shall be considered as established: 1. That the order of survey was obtained from a legally authorized commissioner, and the survey made by a legally authorized surveyor, and that the section of the general provisions of the Constitution which recites 'that all orders of survey legally obtained by any citizen of the Republic from any legally authorized commissioner, prior to the act of the late Consultation closing the land offices shall be valid,' has been complied with. 2. That he is the regular purchaser or attorney of the original grantee, and entitled as assignee or attorney to sue the board of land commissioners for a certificate; provided such admission of right in said Reily to sue does not go in avoidance of any duty or obligation that may by operation of law have devolved upon or become obligatory upon the grantee. 3. That these are the questions to be submitted to the court and jury: (1) That inasmuch as the original grantee has not complied with the requirements of the twelfth section of the land law of 1837, can the said Reily recover before the court a verdict against said board? (2) That an order of survey with field notes annexed do not constitute a legal title, and is not therefore the subject of transfer or assignment."—Dated October 3, 1839.

On the 15th of the same month two of the appeals were tried and verdicts found for the said Reily. On the 17th a third was tried with a similar result; and on the same day an additional agreement was entered into, by which it was provided, "that all the foregoing cases men-

---

C. A., 62. If there is no final judgment the appeal should be dismissed. Martin v. Crow, 28 T., 613; Simpson v. Bennett, 42 T., 241; I. & G. N. Ry. Co. v. Smith County, 58 T., 74; Whitaker v. Gee, 61 T., 217; Mignon v. Brinson, 74 T., 18. The record can not be amended after dismissal so as to show

final judgment. M. P. Ry. Co. v. Scott, 78 T., 360. Judgment is not final until motion for new trial is overruled. M. P. Ry. Co. v. Houston Flouring Mill Co., 2 App. C., sec. 573.