NEW-YORK SPECIAL TERM, December, 1848.
*Edmonds*, Justice.

## FLYNN *vs.* STOUGHTON.

The privilege of a foreign consul to be exempt from the jurisdiction of state tribunals, must be asserted in due time; and may be waived by a plea to the merits.

After a defendant has pleaded to the merits, and a verdict has been rendered against him, he cannot avail himself of his privilege as a foreign consul, by affidavit, upon a special motion.

THIS was an action of assumpsit, commenced by the filing and service of a declaration, for work and labor, to which the defendant pleaded only non-assumpsit. An inquest having been taken at the King's circuit, a motion was now made to set aside the same for irregularity, and to quash all the proceedings in the suit, on an affidavit of the defendant that he was, at the commencement of the suit, and. is now, Spanish consul for the port of New-York.

*P. W. Turney*, for the defendant, cited *Laws of the U. S. of* 1789, § 9; 1 *Binney*, 138; *Davis* v. *Packard*, (6 *Peters*, 45; *S. C.* 7 *Id.* 276.)

*T. L. Danaher*, contra, cited *Davis* v. *Packard*, (6 *Wend.* 327; *S. C.* 10 *Id.* 50.)

EDMONDS, J. The defendant, after having pleaded to the merits, and after a verdict has been rendered against him, seeks to avoid the jurisdiction of this court on a special motion and on a suggestion contained in affidavits, which do not form any part of the record. In *Davis* v. *Packard*, (6 *Wend.* 333,) our court of errors say, if the court has general jurisdiction over the subject matter, and the defendant has some privilege which exempts him from the jurisdiction, he may waive that privilege if he chooses to do so, and in a superior court of general juris-

Flynn *v.* Stoughton.

diction, if he neglects to object and show to the court his particular exemption, by way of a plea in abatement or otherwise, before he has answered as to the merits, he will forever be precluded. By pleading in chief, and thereby calling for a decision of the cause on the merits, the party admits the jurisdiction of the court to make such decision. And in the same case (10 *Wend.* 50,) that court again affirm that doctrine and insist that if the privilege of a public minister is that of his sovereign and therefore cannot be waived, it is confined to ambassadors or other diplomatic agents, and does not apply to consuls or commercial agents.

The supreme court of the United States, in reversing the judgment of the court of errors in that case, did no more than assert that jurisdiction over foreign consuls was vested solely in the federal judiciary by the act of congress. (*7 Peters*, 276. 8 *Id.* 324.) That court does not touch the principle established in our state tribunal of last resort, to which I have already referred. It is therefore left in full force for my governance. Consequently I must hold that the privilege of a foreign consul to be exempt from the jurisdiction of state tribunals, must be asserted in due time, and may be waived by a plea to the merits. The motion to quash the proceedings must therefore be denied; but the inquest must be opened, because it was irregular for the plaintiff to put his cause on the calendar after the term had began, without notice to his adversary. The defendant searched the calendar after the sittings began, and not finding this cause upon it had a right to suppose it would not be called on. To put it upon the calendar after that, and proceed to judgment without notice to him, was an irregularity on the part of the plaintiff for which the verdict must be set aside.