## Case No. 8,844.

### McKAY v. GARCIA.

[6 Ben. 556.][1]

District Court, S. D. New York. June, 1873.

SUIT AGAINST FOREIGN CONSUL — PRACTICE—ARREST—APPLICABILITY OF THE NEW YORK CODE—PENDENCY OF ANOTHER SUIT FOR THE SAME CAUSE OF ACTION.

1. An action of debt was brought against a foreign consul, for money received in a fiduciary

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

capacity. The defendant, being arrested. moved on affidavits to vacate the arrest: Held, that, under the act of February 28, 1839 (5 Stat. 321). in connection with the act of January 14, 1841 (Id. 410), and the 179th section of the New York Code of Procedure, the defendant was liable to arrest in the action.

2. Under the 5th section of the act of June 1, 1872 (17 Stat. 197), the plaintiff had the right, under the 205th section of that Code, to oppose the defendant's affidavits by affidavits in addition to those on which the arrest was granted.

3. The pendency of another action in a state court against the defendant for the same cause of action was of no importance, as the state court had no jurisdiction of an action against a consul, and would be no defence if the defendant were not such.

4. The motion to discharge the defendant must be denied.

[This was an action at law by Nathaniel McKay against Edwin C. B. Garcia.]

William Tracy, for the motion.

William Blaikie and Merritt E. Sawyer, opposed.

BLATCHFORD, District Judge. This is an action for a debt. By the act of February 28, 1839 (5 Stat. 321), in connection with the act of January 14, 1841 (Id. 410), imprisonment for debt is allowed, on process issuing out of a court of the United States, where, by the laws of the state, imprisonment for debt shall be allowed, the conditions and restrictions prescribed by the state being applicable to the process issuing out of the court of the United States. The act of 1839 provides that "the same proceedings shall be had" in the court of the United States "as are adopted in the courts of such state."

The 179th section of the Code of Procedure of New York provides for the arrest and imprisonment of a defendant in an action for money received in a fiduciary capacity. This is such an action.

This being an action at law, the practice in it must, under the 5th section of the act of June 1, 1872 (17 Stat. 197), conform, as near as may be, to the practice now existing in a like cause in the courts of record of the state of New York.

The defendant having moved, on affidavits on his part, to substantially vacate the order to hold to bail, the plaintiff has a right, under the provisions of section 205 of the Code of Procedure of New York, to oppose such motion on new and further affidavits and proofs, in addition to those on which the order to hold to bail was made.

The pendency of a former suit against the defendant in a state court for the same cause of action, is of no importance, for such state court was and is without jurisdiction of the suit, as the defendant was and is a foreign consul. But if he were not, the weight of authority is that the fact of the pendency of such suit in the state court would be of no effect on this suit. Loring v. Marsh [Case No. 8,514].

The cause of action here is one which was

assignable. On all the affidavits and papers on both sides, I am of opinion that the order to hold to bail would have been properly grantable in the first instance. If so, it must be upheld. The motion to vacate the order to hold to bail and to discharge the defendant from bail to the marshal on his filing common bail, is denied.