[No. 9,876. In Bank.—January 13, 1885.]

P. A. MILLER, RESPONDENT, v. P. J. VAN LOBEN SELS, APPELLANT.

FOREIGN CONSUL—STATE COURTS—JURISDICTION.—A State court has no jurisdiction of an action at law brought against a consul of a foreign government.

ID.—EXEMPTION—WAIVER.—The exemption of a foreign consul from any action against him in a State court is not a personal privilege. It is a matter of jurisdiction, and is not waived by the failure of the defendant to plead it. Such exemption may be taken advantage of in the Supreme Court for the first time.

APPEAL from a judgment of the Superior Court of the county of Sacramento, and from an order refusing a new trial.

The action was brought to recover the sum of $418.87 for goods sold and delivered. The defendant was the consul of the republic of Paraguay, at the port of San Francisco. This was not pleaded at the trial, but after the appeal was taken the defendant filed a petition stating the fact of his consular appointment, and asking a perpetual stay of proceedings. The other facts appear in the opinion of the court.

*P. J. van Loben Sels*, in pro. per., and *A. Campbell, Sr.*, for Appellant.

*Grove L. Johnson*, for Respondent.

McKEE, J.—In this proceeding the petitioner asks for an order to perpetually stay proceedings on a judgment entered against him in the Superior Court of Sacramento county, upon the ground that he was, prior to and at the time the action was commenced, and is now, consul of the republic of Paraguay, at the port of San Francisco. Of the fact of his consular appointment there is no question, and his *exequatur* shows that he was in office at the commencement of the action; but he did not avail himself of the fact by the answer which he filed in the action, or otherwise, on the trial of the case, and judgment was rendered against him, from which he has appealed. Now, however, pending the appeal in this court, he claims the privilege of exemption from the jurisdiction of the courts of the State; and the only question is whether the privilege now claimed was not waived by omitting to plead it in the Superior Court.

A personal privilege may be waived, but exemption or immunity by virtue of official character from liability to be sued in certain courts is not a personal privilege; it is a question of jurisdiction. Now, the constitution of the United States declares that the judicial power of the United States shall extend " * * * to all cases affecting ambassadors, other public ministers, and consuls," (§ 2, art. 3, Const.); and the ninth section of the judiciary act of 1789 invests the district courts of the United States with jurisdiction, exclusive of the courts of the several States, of all suits against consuls or vice-consuls. (1 St. 76–80.) Therefore, causes of action against diplomatic ministers and consuls of a foreign government must be brought in the proper United States court. Such official representatives of a foreign government, accredited to the government of the United States, are, by the constitution and law, exempt from the jurisdiction of State courts. The privilege thus secured to them is not a personal privilege, to be waived by a failure to plead: it is a privilege accorded to the office, not to the individual. "It is," says the Supreme Court of the United States, in *Davis* v. *Packard*, 7 Pet. 284, "the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations; and our constitution and law seem to put consuls on the same footing in this respect."

All the questions involved in the application of the petitioner seem to have been settled by the recent decision of the Supreme Court of the United States, in the case of *Boers* v. *Preston*, 111 U. S. 256; S. C., 4 Sup. Ct. Rep. 407. In that case, a citizen of the state of New York brought an action in one of the circuit courts of the United States, in the state of New York, against one Boers, who was, at the commencement of the action, consul at the port of New York for Norway and Sweden. Boers made no objection to the jurisdiction of the court, but answered to the merits of the case, and went to trial; but when the trial went against him, he sued out a writ of error to the Supreme Court, and claimed that he ought to have been impleaded in the district court of the United States, and not in the circuit court; and it was there contended, as it is here, that when a defendant answers and goes to trial, and raises no objection or question as

to the jurisdiction of the court until after he is defeated, and the cause has been brought into this court, it will be presumed that the court had jurisdiction.   But the Supreme Court say: "The fact that the defendant did not in the court below plead exemption, by virtue of his official character, from suit in the circuit court of the United States, did not give the court jurisdiction. * * * This court must, from its own inspection of the record, determine whether a person holding the position of consul of a foreign government is excluded from the jurisdiction of the circuit courts; * * * and if the case is one of a class of cases which the law excludes altogether from the cognizance of the circuit court, it will reverse on the point of jurisdiction. * * * If this were not so, it would be in the power of parties, by negligence or design, to invest those courts with a jurisdiction expressly denied to them."

It follows that the proceedings against the petitioner in the Superior Court were without jurisdiction, and that the judgment appealed from must be reversed.   Judgment reversed, and cause remanded, with direction to the lower court to dismiss the action.

MORRISON, C. J., MYRICK, J., SHARPSTEIN, J., ROSS, J., McKINSTRY, J., and THORNTON, J., concurred.

Rehearing denied.