DEGIVE v. THE GRAND RAPIDS FURNITURE COMPANY.

A citizen of the Kingdom of Belgium, duly accredited by the government of that kingdom to the government of the United States as a consul of the former, is subject to the jurisdiction of the courts of the State of Georgia, in which State he resides, in a civil action to recover an alleged debt due upon an account for articles purchased by him to furnish his opera-house. No treaty between the two governments has exempted the consuls of either from suits of this nature in the country of their residence, nor are they exempt by the principles of international law. And neither the constitution nor the statutes of the United States confer exclusive jurisdiction in such cases upon the Federal courts, where a foreign consul is to be sued in this country, and since the repeal of the eighth clause of the 711th section of the Revised Statutes of the United States, concurrent jurisdiction is not denied to the State courts.                                    *Judgment affirmed.*
June 30, 1894.

Motion to set aside judgment.    Before Judge VAN EPPS. City court of Atlanta. September term, 1893.

L. DeGive bought of defendant in error a number of opera-house chairs. He was sued for a balance on the bill, payment of which balance he had refused to pay, on the ground that the purchase price should be reduced by so much for inferiority of the chairs to the model by which they were bought. He omitted to defend the suit until after judgment had been rendered against him. He moved to set aside the same, on the ground that he was a foreigner, never naturalized, and was a citizen of the Kingdom of Belgium, residing in Atlanta as the consul of the Belgian government, duly com-

missioned and accredited by it, and recognized as such by the government of the United States, by an *exequatur* duly executed by the President, copy of which was attached; wherefore, he was advised, the court rendering the judgment had no jurisdiction of him.   The motion was overruled, and he excepted.

GOODWIN & WESTMORELAND, for plaintiff in error.
BISHOP & ANDREWS, *contra*.