[S. F. No. 179. In Bank.—October 16, 1897.]

## ALFRED H. WILCOX, Appellant, v. JUAN M. LUCO, Respondent.

CONSULS—SUITS AGAINST—INTERNATIONAL LAW.—The immunity of ambassadors and public ministers from suits in the courts of the country to which they are sent is not extended by any principle of international law to consuls. Their liability to suit within the United States is dependent upon the constitution of the United States and the legislation of Congress thereunder.

ID.—JUDICIAL POWER OF UNITED STATES—JURISDICTION—CONCURRENT STATE JURISDICTION.—The judicial power vested in the courts of the United States, by section 2 of article III of the federal constitution, is to be exercised in accordance with such legislation as Congress may prescribe. Wherever the constitution does not make this jurisdiction exclusive of state authority, it may be made so by Congress, and Congress may also declare the extent to which the state courts may exercise concurrent jurisdiction, as well as at what stage of procedure the jurisdiction of the United States courts may attach in cases originally commenced in the state courts.

ID.—ORIGINAL JURISDICTION OF SUPREME COURT.—The provision of section 2 of article III of the federal constitution, giving to the supreme court of the United States "original" jurisdiction in all cases affecting consuls, does not make that jurisdiction exclusive, nor does the provision extending the judicial power of the United States to "all cases" arising under the constitution and laws of the United States make the jurisdiction of the federal courts necessarily exclusive.

ID.—CONCURRENT JURISDICTION OF STATE COURTS.—Under subdivision 8 of section 711 of the United States Revised Statutes, as originally enacted, the United States courts had exclusive jurisdiction of all suits or proceedings against consuls. But by the act of February 8, 1875,

such section was amended by striking out subdivision 8, and since that amendment the state courts have concurrent jurisdiction of such actions or proceedings.

ID.—RIGHT OF FEDERAL INTERFERENCE—WRIT OF ERROR.—A consul cannot be deprived of the benefit of the provision of the constitution extending the judicial power of the United States to all cases in which he is affected, and unless there is some law by which he may invoke this judicial power for the purpose either of removing the cause into the courts of the United States before judgment, or to review the judgment of the state court, a state court can have no jurisdiction to entertain an action in which he is a defendant. Such law is found in section 709 of the Revised Statutes of the United States, providing for a writ of error to the supreme court of the United States from final judgments of the state courts in suits where is drawn in question the validity of a statute or of an authority exercised under any state, on the ground of their being repugnant to the constitution . . . . of the United States. Under this section a consul sued in a state court, in addition to any defense he may have to the action, may claim his right under the constitution to have the matter determined by the courts of the United States; and if judgment is rendered against him in the state court, can have it reviewed by the supreme court of the United States, and the sufficiency of his defense determined by that tribunal.

ID.—WAIVER OF RIGHT—JUDGMENT BY DEFAULT.—Such right, however, may be waived by a consul sued in a state court, either by merely pleading his defense to the cause of action without invoking this provision of the constitution, or by suffering default; and, if so waived, he cannot, after judgment has been rendered against him, claim the right to a review of this judgment under a writ of error by the supreme court of the United States.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Orestes J. Orena, and William Rix, for Appellant.

I. N. Thorne, for Respondent.

HARRISON, J.—The defendant made his promissory note to the plaintiff for the sum of two thousand dollars, and in an action brought against him thereon in the superior court for San Francisco suffered default, and judgment was rendered against him and in favor of the plaintiff for the full amount of the note. Thereafter upon his motion, based upon his affidavit that at and prior to the commencement of the action and ever since he had been consul general of the republic of Chili, residing in San

Francisco and engaged in performing the functions of his office, the court vacated and set aside this judgment and ordered the action dismissed upon the ground that by reason of his position as consul he was not subject to the jurisdiction of the courts of this state. From this order the plaintiff has appealed.

The correctness of the order appealed from is to be deteimined upon the construction to be given to the constitution of the United States and the legislation of Congress thereunder, and not upon any consideration of the rules of international law. The immunity of ambassadors and public ministers from suits in the courts of the country to which they are sent is not extended by any principles of international law to consuls. "Consuls are not public ministers. Whatever protection they may be entitled to in the discharge of their official duties, and whatever special privileges may be conferred upon them by the local laws and usages or by international compact, they are not entitled by the general law of nations to the peculiar immunities of ambassadors. In civil and criminal cases they are subject to the local law in the same manner with other foreign residents owing a temporary allegiance to the state." (Wheaton's International Law, sec. 249; 1 Kent's Commentaries, 44; Story on the Constitution, sec. 1660; *Giddings v. Crawford*, Taney, 1.)

Section 2 of article III of the constitution of the United States declares that: "The judicial power shall extend . . . . to all cases affecting ambassadors, other public ministers and consuls"; and, "In all cases affecting ambassadors, other public ministers and consuls, the supreme court shall have original jurisdiction. In all the other cases before mentioned, the supreme court shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the Congress shall make." It is held that the judicial power thus vested in the courts of the United States is to be exercised in accordance with such legislation as Congress may prescribe. Wherever the constitution does not make this jurisdiction exclusive of state authority, it may be made so by Congress, and Congress may also declare the extent to which the state courts may exercise concurrent jurisdiction, as well as at what stage of procedure the jurisdiction of the United States courts may attach in cases originally commenced in the state courts—either after

final judgment has been rendered therein, or at any period subsequent to the commencement of the action. (*Martin v. Hunter*, 1    Wheat. 304; *The Moses Taylor*, 4 Wall. 411; *Claflin v. Houseman*, 93 U. S. 130.) By the judiciary act of 1789, and afterward in the Revised Statutes, Congress distributed the exercise of this power between the courts of the United States and those of the several states, making it exclusive in the former in many instances, and in others giving to the state courts concurrent jurisdiction; and also provided for the removal to the United States courts in certain cases of causes commenced in the state courts, and for the exercise by the supreme court of an appellate jurisdiction over judgments of the state courts in causes of which those courts had original jurisdiction concurrent with the courts of the United States. Other statutes have since been enacted enlarging or changing this exclusive as well as concurrent jurisdiction.

Section 687 of the Revised Statutes of the United States, which became the law on the subject from and after December 1, 1873, declares that the supreme court shall have "original, but not exclusive jurisdiction of all suits in which a consul or vice-consul is a party." And by section 563 jurisdiction is given to the district courts: . . . . 17. Of all suits against consuls or vice-consuls," with the exception of certain offenses previously named. It had been held in *Giddings v. Crawford, supra,* that the provision in the constitution giving to the supreme court "original" jurisdiction in all cases affecting consuls did not imply that that jurisdiction was to be exclusive, and in *Bors v. Preston,* 111 U. S. 252, the supreme court approved this ruling and held that Congress could confer upon the subordinate courts of the United States concurrent original jurisdiction in cases affecting consuls. It was also held in *Claflin v. Houseman, supra,* that the provision extending the judicial power of the United States to "all cases" arising under the constitution and laws of the United States does not imply that the jurisdiction of the federal courts is necessarily exclusive.

Section 711 of the Revised Statutes, as originally enacted, declared: "The jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states. . . . . 8. Of all suits or proceedings against ambassadors or other public minis-

ters, or against consuls or vice-consuls." By the act of February 8, 1875 (18 Stats., p. 316), entitled "An act to correct errors and to supply omissions in the Revised Statutes of the United States," section 711 was amended by striking out the above subdivision 8, and since that date there has been no express declaration in the statutes of the United States that the jurisdiction of its courts in actions against a consul is exclusive of the state courts. It is very evident that prior to this amendment the state courts had no jurisdiction in such cases. (*Davis v. Packard,* 7 Pet. 276; *Valarino v. Thompson,* 7 N. Y. 576.) We have not been cited to any case since that date in which the question appears to have been considered. The decision in *Miller v. Van Loben Sels,* 66 Cal. 341, was made upon a consideration of the judiciary act of 1789, and, although in the petition for rehearing the amendment to section 711 was called to the attention of the court, the failure of the court to reconsider its opinion does not authorize us to say that it held that the exclusive jurisdiction of the federal courts had not been changed. (*Kellogg v. Cochran,* 87 Cal. 192; *San Francisco v. Pacific Bank,* 89 Cal. 23.) We do not consider that the case of *De Give v. Grand Rapids etc. Co.,* 94 Ga. 605, is entitled to any weight in determining the question before us, for the reason that the court in that case merely affirmed an order refusing to set aside a judgment against a consul without giving any opinion in support of its judgment. *Claflin v. Houseman, supra,* cited by the appellant, was an action brought in a state court, prior to the enactment of the Revised Statutes, by an assignee in bankruptcy to recover the assets of the bankrupt's estate, and the jurisdiction of the state court was contested under the provision of the constitution that the judicial power of the United States shall extend to "all cases" arising under the constitution and laws of the United States. The supreme court, however, upheld the jurisdiction of the state court, upon the ground that the laws of the United States are operative within the states, and that wherever rights of property are created by virtue of these laws such rights may be enforced in state courts competent to decide rights of like character and class. This was a case, moreover, in which the assignee himself invoked the jurisdiction of the state court, and the court limits its decision to holding that he had authority to bring a suit in the state courts whenever those courts were in-

vested with appropriate jurisdiction suited to the nature of the case. The proposition thus determined is not, however, conclusive of the present appeal, since there is not here presented for determination any question of property rights or of personal liberty depending upon or arising under the constitution or any law of the United States. The defendant claims an exemption from the jurisdiction of the state courts as a right guaranteed to him by the constitution.

By the above amendment to section 711, removing from the statutes the express provision that the jurisdiction of the federal courts in suits or proceedings against consuls should be exclusive of the courts of the several states, Congress must have intended to declare that such jurisdiction should no longer be exclusive, unless it was made exclusive either by the constitution itself or by other existing legislation. There is, however, as above seen, no express declaration by Congress that such jurisdiction is exclusive, but it must be conceded that a consul who has been recognized by the President and admitted to the exercise of his official functions shall not, so long as he continues in the exercise of those functions, be deprived of the benefits of the provision in the constitution extending the judicial power of the United States to all cases in which he is affected, and that, unless there is some law by which he may invoke this judicial power for the purpose either of removing the cause into the courts of the United States before judgment, or to review the judgment of the state court, a state court can have no jurisdiction to entertain an action in which he is a defendant. Under this provision of the constitution he is entitled to invoke the exercise of that power in any case to which he may be a party, and, if Congress has made any provision by which he can avail himself of this right, he is amply protected in the enjoyment of this provision of the constitution. The constitution does not declare that he shall be exempt from the jurisdiction of the state courts, but that the judicial power of the United States shall extend to all cases affecting him. It is for Congress to determine the mode and time at which he may invoke this jurisdiction, and, if that body has provided a means by which he can avail himself of this judicial power, he is not deprived of any right given him by the constitution. There is no provision in the removal act of 1875, or in that of 1887, for removing to

the circuit court an action commenced in a state court against a consul, but it is provided in section 709 of the Revised Statutes that "A final judgment or decree in any suit in the highest court of a state in which a decision in the suit could be had, where is drawn in question the validity of a statute of or an authority exercised under any state, on the ground of their being repugnant to the constitution, treaties, or laws of the United States, and the decision is in favor of their validity, . . . . may be reexamined and reversed or affirmed in the supreme court upon a writ of error." Under this section that court has jurisdiction to review the judgment of a state court whenever it appears from the record that one of the questions mentioned in the section was raised and presented to the state court, and decided by it adversely to the claim asserted; and, if such decision is erroneous, that court will then examine the entire case, and affirm or reverse the judgment according as it shall determine whether the decision of the state court upon the other matters in the record was correct or not. (*Murdock v. Memphis,* 20 Wall. 590.) It is thus seen that if a consul is sued in a state court he can, in addition to any defense he may have to the cause of action set up against him, claim his right under the constitution to have the matter determined by the courts of the United States; and if judgment is rendered against him in the state court he can have that judgment reviewed by the supreme court of the United States and the sufficiency of his defense determined by that tribunal, and thus fully enjoy the rights given him by the constitution. This right, however, may be waived by him, since he has the same right to rest content with the judgment of the state court, either by merely pleading his defense to the cause of action without invoking this provision of the constitution, or by suffering default, as he would have to invoke its jurisdiction as a plaintiff; and, if so waived, he cannot, after judgment has been rendered against him, claim the right to a review of this judgment under a writ of error by the supreme court of the United States.

The superior court, therefore, had jurisdiction to entertain the action against the defendant, and as he did not appear in answer to the complaint, or in any mode present a defense to the action, the court properly rendered judgment against him, and

its subsequent order setting it aside and dismissing the action was erroneous.

The order is reversed.

Van Fleet, J., Garoutte, J., Henshaw, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. My views of the case were expressed in my opinion delivered when the case was in Department.

The following is the opinion of Department Two, rendered on July 16, 1896, referred to and adopted by Mr. Justice McFarland:

McFARLAND, J.—The only question presented in this case is, whether the superior court had jurisdiction in a civil case over the person of the defendant, who is the consul general of Chili for the United States, resident at San Francisco, California. The court below held that it had no jurisdiction, and the plaintiff appeals from the judgment.

The question was determined adversely to the contention of appellant by this court in the case of *Miller v. Van Loben Sels*, 66 Cal. 341. Appellant contends that said case should not be considered as conclusive authority upon the question, because at the time it was decided the ninth section of the judiciary act of 1789 expressly provided that the jurisdiction of the United States over consuls was exclusive; and that since then, on February 18, 1875, the Congress of the United States, by an act entitled "An act to correct errors, etc., in the Revised Statutes," repealed the said section of the said act of 1789; and that the court in said case of *Miller v. Van Loben Sels*, *supra*, assumed that said section 9 was still in existence, and that its attention was not called to the said repeal of said section. The attention of the court in that case was called to such repeal by a petition for rehearing; but it is contended by appellant that the court must be deemed to have not considered a point presented for the first time in such petition. Whether that decision should or should not be considered as final authority upon the question, we are satisfied that the rule there declared was correct, even in view of the fact that said section of

the act of 1789 has been repealed. By section 2 of article III of the constitution of the United States it is provided that the judicial power of the United States shall extend "to all cases affecting ambassadors, other public ministers and consuls." By this provision consuls are put on the same footing with ambassadors. Under our system, the government of the United States is the only sovereign having relations with foreign countries under the law of nations; and all dealings with the representatives of foreign nations must be by the courts or other agencies of the government which is alone sovereign in that regard. It is the right and privilege of the foreign government to be thus treated. In *Davis v. Packard*, 7 Pet. 276, it was contended that Davis, who was consul general of the King of Saxony, had waived his privilege by not setting it up at the proper time in the court below. The supreme court of the United States, however, did not sustain this contention, and said: "If this was to be viewed merely as a personal privilege, there might be grounds for such conclusion, but it cannot be so considered. It is the privilege of the country or government which the consul represents. This is the light in which foreign ministers are considered by the law of nations, and our constitution and law seem to put consuls on the same footing in this respect. If the privilege or exemption was merely personal, it can hardly be supposed that it would have been thought a matter sufficiently important to require a special provision in the constitution and laws of the United States. Higher considerations of public policy doubtless led to the provision. It was deemed fit and proper that the courts of the government with which rested the regulation of all foreign intercourse should have cognizance of suits against the representatives of such foreign governments." We think, therefore, that under the said provision of the constitution of the United States there was no jurisdiction of the case at bar in the superior court of this state.