# DeLeon *v.* Walters.

## *Assumpsit.*

(Decided Dec. 16, 1909. 50 South. 934.)

1. *Courts; Jurisdiction; State and Federal; Consuls.*—Revised Statutes United States, sec. 711, subd. 8, having been repealed by an act of Congress of Feb. 18, 1875, the Federal Courts have no exclusive or concurrent jurisdiction with the state courts in actions against consuls or other diplomatic agents.

[DeLeon v. Walters.].

2. *Pleading; General Demurrer.*—A general demurrer to a plea will not be considered.

3. *Same; Answer; Plea; Conclusion.*—In an action on a note given for an insurance premium, a plea alleging that the note was given for the premium on a life insurance policy which plaintiff was to furnish within a reasonable time, and which plaintiff did not furnish, and thereby breached the contract, and that plaintiff recognized such failure of consideration and breach of contract, and waived payment, stated a conclusion and was demurrable as such.

4. *Appeal and Error; Harmless Error; Ruling on Pleading.*—Where a plea was so defective as not to be capable of amendment, there was no prejudicial error in sustaining a general demurrer thereto.

5. *Same.*—It is harmless error to sustain a demurrer to a plea where the party pleading has the benefit of the same matter under other plea.

6. *Same; Record; Review; Pleading.*—Where a plea is not set out in the record, the action of a court in sustaining a demurrer to it, cannot be considered.

7. *Bills and Notes; Action; Prima Facie Case.*—The introduction of a note which corresponds with the allegation of the complaint, makes a prima facie case in a suit on the note against the maker thereof.

8. *Insurance; Premium Note; Consideration; Burden of Proof.*—Where the action is on a note given as an insurance premium and the defense was that the policy was to be delivered within a reasonable time, and that it was not so delivered, the defendant has the burden of showing that the time consumed was unreasonable.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by C. M. Walter against A. C. Deleon. Judgment for plaintiff, and defendant appeals. Affirmed.

The fourth plea is in the following language: "Because the note upon which said suit is based was given by defendant to plaintiff as the premium of policy of life insurance which plaintiff was to furnish within a reasonable time, and which plaintiff did not furnish, and thereby breaching the contract under which said note was given, and that plaintiff recognized such failure of consideration and breach of contract, and waived payment thereof." The demurrer was that the plea stated a conclusion, and no matter of fact, as a defense of the cause of action.

[DeLeon v. Walters.]

ELLIOTT G. RICKARBY, for appellant.—No brief came
to the Reporter.

F. O. HOFFMAN, for appellee.—Counsel discuss the
assignments of error, but without citation of author-
ity.

EVANS, J.—This is an action upon a promissory
note, commenced in a justice of the peace court. A plea
to the jurisdiction on the ground that defendant was
a consul general of a foreign power was there interpos-
ed. Judgment was rendered in favor of plaintiff, and
defendant appealed to the law and equity court of Mo-
bile, where the same plea to the jurisdiction of the per-
son of defendant was filed, and a general demurrer to
said plea was filed, and was sustained by the court.
Five pleas to the merits of the case were then filed, and
the court sustained a demurrer to the fourth plea. The
court sustained a demurrer to the fourth plea as
amended; but said fourth plea as amended does not ap-
pear in the record. The case was tried before the court
without the intervention of a jury, and judgment was
rendered in favor of plaintiff. The defendant appeals
and assigns as error, first the ruling of the court in sus-
taining demurrer to the plea to jurisdiction; second,
the ruling of the court in sustaining demurrer to plea
4; third, the ruling of the court in sustaining demurrer
to plea 4 as amended; fourth, in rendering judgment
for plaintiff in the sum of $67.50; fifth, in rendering
judgment for plaintiff for any sum whatever.

The first question to be considered is the question
raised by the plea in abatement. The defendant was,
at the time suit was brought against him and at the
time judgment was rendered against him, as set forth
in his said plea, "the consul general of a foreign pow-

er, the republic of Guatemala," and claims that, such being the case, the district court of the United States had exclusive jurisdiction. It cannot be doubted that prior to the act of Congress of date February 18, 1875 (18 Stat. 316, c. 80), the District Court of the United States had exclusive jurisdiction in suits against consuls of a foreign power by a citizen of the United States. Such was repeatedly decided in such cases, and such, indeed, was the language of the statute.—Rev. St. U. S. § 711; *Davis v. Packard,* 7 Pet. 276, 8 L. Ed. 684; *McKay v. Garcia,* 6 Ben. 556, Fed. Cas. No. 8,844; *Miller v. Van Loben,* 66 Cal. 341, 5 Pac. 512; *Sartori v. Hamilton,* 13 N. J. Law, 107; *Valarino v. Thompson,* 7 N. Y. 576, and others. By the said act of February 18, 1875, the former statute was repealed, and said act did not give exclusive jurisdiction in such cases to the United States District Court, and the state courts now have jurisdiction to hear and determine cases, in civil matters, although the defendant may be a consul general of a foreign power.—Rev. St. U. S. (2d Ed.) § 563 (U. S. Comp. St. 1901, p. 455) ; *Froment v. Duclos et al.* (D. C.) 30 Fed. Fed. 386; *Bors v. Preston,* 111 U. S. 261, 4 Sup. Ct. 407, 28 L. Ed. 419; *De Give v. Grand Rapids Furniture Co.,* 94 Ga. 605, 21 S. E. 582.

As to general demurrers, the rule is that they cannot be considered and must be overruled. But where, as in the case sub judice, it plainly appears that the plea could not have been amended so as to make it good, the technical error of the court in sustaining a general demurrer is error without injury.—*Ryall v. Allen,* 143 Ala. 227, 38 South. 851.

The demurrer to plea No. 4 was properly sustained, as it was subject to the ground set out in the demurrer. But, even if this were not the case, the ruling was error without injury, as the defendant had the benefit of the

same matter there pleaded in pleas Nos. 2 and 3. The only difference between plea 4 and plea 3 is that plea 4 casts an additional burden of proof upon defendant. The demurrer to fourth plea as amended cannot be considered, for the reason that said plea does not appear in the record and we are not informed of its contents.

The case was tried upon pleas 1, 2, 3, and 5. Plea 5 was a plea of set-off for the amount of $10, which was allowed by the court in rendering judgment. Plea 1 was that the note sued on was without consideration; and plea 2 was to the effect that the note sued upon was given in anticipation of the issue of a certain policy of insurance to be delivered within a reasonable time and that said policy of insurance was not so delivered; and plea 3 was to the effect that the consideration of the note sued upon was a premium on a policy of life insurance which plaintiff promised to deliver within a reasonable time, and which he did not deliver in such reasonable time.

The plaintiff introduced a note in evidence corresponding with the allegations of his complaint, and thereby made out a prima facie case. The only other evidence that was introduced was by defendant, and it failed to prove the allegations of either of said pleas. It showed that there was a consideration for the note sued upon; that the consideration was the first premium upon a policy in the New York Life Insurance Company, which defendant had made application for through plaintiff, who was the agent of said company; and that said policy was delivered to the defendant within about 30 days from the date of application. There was no evidence tending to show that this was an unreasonable length of time, nothing to show what had to be done in the particular case. The burden of

proof was upon the defendant to show that the time consumed was unreasonable, and this he failed to do.

We find no error in the ruling of the court below, and the case is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.