## Employment of Women by Foreign Consul.

*Labor laws—Employment of women—Foreign consul—Act of July 25, 1913.*

1. A consul or vice-consul, in the absence of a special treaty, is not entitled to the same privileges and immunities as an ambassador or other public minister.

2. The Department of Labor and Industry has full legal authority to bring an action against any consul violating the provisions of the Act of July 25, 1913, P. L. 1024, relating to the hours of employment and welfare of women.

Department of Justice. Opinion to Hon. R. H. Lansburgh, Secretary of Labor and Industry.

GOLLMAR, Dep. Att'y-Gen., Sept. 29, 1925.—In reply to your recent communication, inquiring whether your department has jurisdiction in the case of an alleged violation by a foreign consul of the Act of July 25, 1913, P. L. 1024, relating to the hours of employment of women, I beg to submit the following:

Section 16 of said act provides as follows: "It shall be the duty of the Commissioner of Labor and Industry and his deputies to enforce all the provisions of this act. . . . They shall investigate all complaints of violations of this act received by them, and shall institute prosecutions for violations of the provisions thereof."

Section 17 of this act provides: . "All prosecutions for violations of this act shall be instituted by the Commissioner of Labor and Industry or his deputy before a magistrate, alderman or justice of the peace. . . ."

This section 17 has been declared constitutional by the Superior Court in 60 Pa. Superior Ct. 314.

"A consul is an officer commissioned by a government to hold office and to reside at a particular place in a foreign country for the purpose of promoting and protecting its interests and those of its citizens or subjects:" Oscanyan *v.* Winchester Repeating Arms Co., 103 U. S. 261; 26 U. S. Law Ed. 539.

Your question is not whether you have this right in the case of ordinary citizens, but whether you have this right in the case of violation by a foreign consul. The question resolves itself into whether the courts of the State of Pennsylvania or of the United States have jurisdiction to determine cases affecting consuls of foreign countries, or whether consuls have the same status as foreign ambassadors and other public ministers.

The general rule of the Law of Nations is that foreign ambassadors and other public ministers are exempt and immune from the jurisdiction of the

courts in the country to which they have been sent as representatives: The Exchange *v.* McFaddon, 7 Cranch, 116; 3 U. S. Law Ed. 287; United States *v.* Ortega, 6 U. S. Law Ed. 521.

The exceptions to this general rule are where certain crimes, such as murder, are committed by the ambassadors or other public ministers, this exception being based on the principle that the commission of these crimes revokes the privileges and immunities granted to them.

A consul or vice-consul, in the absence of special treaties, is not entitled to the same privileges and immunities as an ambassador or other public minister: De Leon *v.* Walters, 163 Ala. 499; Wilcox *v.* Luco, 118 Cal. 639; In re Baiz, 135 U. S. 403.

"The principle is well settled that a consul or vice-consul or similar commercial representative of a foreign power is not entitled by international law to the privileges and immunities of an ambassador or minister, but is subject to the laws and regulations of the country to which he is accredited. In civil and criminal cases, they are subject to the local law to the same extent as other foreign residents owing a temporary allegiance to the state: . . ." 9 Ruling Case Law, 161.

The Constitution of the United States provides that "The judicial power of the United States shall extend . . . to all cases affecting ambassadors or other public ministers and consuls;" to controversies between citizens of a state and foreign citizens or subjects; that "in all cases affecting ambassadors, other public ministers and consuls, . . . the Supreme Court shall have original jurisdiction."

In the early Pennsylvania case of Com. *v.* Kosloff, 5 S. & R. 545, Judge Tilghman, of the Pennsylvania Supreme Court, held that "the United States Supreme Court shall have this original jurisdiction in all cases affecting the consul," and on that ground declared that the Pennsylvania courts had no jurisdiction. In that case, Kosloff, consul representing a foreign country, was indicted for rape and the indictment was quashed.

The Judiciary Act of 1789 gave to the United States Supreme Court exclusive jurisdiction, and it was not until the passage of a later statute (Feb. 18, 1875), in which section 711, paragraph 8, of the United States Revised Statutes was repealed, that the state courts had any jurisdiction in proceedings, civil or criminal, against the consul or vice-consul. This section 711, paragraph 8, had given Federal courts jurisdiction in civil cases. The state courts now have co-ordinate jurisdiction with the United States courts in cases affecting a consul: Bors *v.* Preston, 111 U. S. 252; De Leon *v.* Walters, 163 Ala. 499.

". . . But there is authority to the effect that this jurisdiction of the state courts is subject to the right of a defendant consul to have the judgment of the state court reviewed by the Supreme Court of the United States and the sufficiency of his defence determined by that tribunal:" 9 Ruling Case Law, 162; Wilcox *v.* Luco, 118 Cal. 639.

I am of the opinion that a consul or vice-consul does not have the same status as an ambassador or other public minister and is not entitled to the same privileges and immunities; that the Pennsylvania courts have jurisdiction in the case of the violation of the Pennsylvania Act of Assembly by a consul, and, therefore, your department has full legal authority to bring action against any consul violating the provisions of the Pennsylvania Act of July 25, 1913, P. L. 1024, relating to the hours of employment of and welfare of women.

From C. P. Addams, Harrisburg, Pa.