252 So.2d 640

**Herbert E. HENDRIX**

**v.**

**Wesley Levert MILLER.**

**I Div. 610.**

Supreme Court of Alabama.

Sept. 9, 1971.

Rehearing Denied Oct. 7, 1971.

Joseph M. Matranga, Mobile, for appellee.

SIMPSON, Justice.

Appellee obtained judgment against appellant for personal injuries and other damages arising from a collision of appellant's automobile with the person of appellee. This judgment is the subject of this ap-

Foreman, Brown & Hudgens, and Peter V. Sintz, Mobile, for appellant.

peal. The complaint contained only one count charging negligence.

Prior to the trial of the suit for damages, appellant's liability insurance carrier filed a declaratory petition in the Circuit Court of Mobile County, in Equity, wherein by agreement of the parties only one issue was presented to the jury that was selected by the parties. This issue was whether or not respondent (appellant here) was driving the automobile that struck appellee Miller on March 18, 1967. Both appellee and appellant were made parties respondent to the equity suit. No question is here raised, nor in the lower court so far as this record shows, about the use of a jury.

It appears that on January 22, 1969 the jury returned a verdict:

"We, the jury, based on evidence submitted, cannot find that Herbert E. Hendrix was the driver of the automobile involved in the accident at Broad and Canal Street in which Mr. Wesley E. (sic] Miller was injured. Ralph C. Harly, Foreman."

Thereupon, on February 10, 1969 the trial court found from the evidence and the verdict of the jury that the complainant (the insurance carrier)

" * * * is not entitled to a decree relieving it of the responsibility of defending the case on the law side of the court filed by Wesley L. Miller against Herbert E. Hendrix, and finds from said evidence that the complainant in this case has a duty to defend the said Herbert E. Hendrix in the trial of said civil case."

The decree recites also:

"The complainant introduced in evidence for consideration by the court after the jury verdict, by agreement of the respondent, the deposition of Herbert E. Hendrix, one of the respondents in the case, and also, by agreement, a written statement signed by Herbert E. Hendrix, dated March 23, 1967."

Then follows a final decree of adjudication that the said Herbert E. Hendrix

" * * * has not violated the cooperation clause so as to justify complainant, as insurors, to withdraw from the defense of the damage suit filed by Wesley L. Miller against Herbert E. Hendrix and that this complainant has a duty and obligation of defending said civil suit."

On April 30, 1969, more than thirty days after the final decree, supra, was entered, appellant filed Plea 9 as follows:

"9. The defendant, Herbert E. Hendrix, saith that the ·issue in this cause between Plaintiff, Wesley L. Miller, and Defendant, Herbert E. Hendrix, was tried and adjudicated by the Circuit Court of Mobile County, Alabama, in Equity, in that certain cause entitled Morrison Assurance Company versus Herbert E. Hendrix and Wesley L. Miller, Respondents, Case Number 71,010 in which the Plaintiff, Wesley L. Miller, and Defendant, Herbert E. Hendrix, were parties thereto and in which the said Circuit Court, in Equity, rendered a Final Decree on the merits (a copy of which Final Decree is attached hereto as Exhbit A and incorporated and made a part hereof by reference the same as if fully set forth herein): Defendant, Herbert E. Hendrix, further alleges that in said Equity proceedings that the issue decided by the Court was that this Defendant, Herbert E. Hendrix was not driving the automobile involved in the accident at Broad and Canal Street in which the Plaintiff, Wesley L. Miller, was injured.

"Hence, the Defendant, Herbert E. Hendrix, says that the issue in this cause, between the Plaintiff and this Defendant, has been adjudicated, and that the Plaintiff, Wesley L. Miller is estopped from showing or relitigating the question of whether or not the Defendant, Herbert Hendrix was operating the vehicle which struck him."

On May 6, 1969 the lower court correctly sustained appellee Miller's demurrer to Plea 9. The grounds of the demurrer are:

"1. For that the plea is immaterial.

"2. For that the plea does not set up a defense in law.

"3. For that if the allegations contained in the plea were proved this would be no defense to the cause of action herein."

Assignment of Error 2, which appellant argues, reads:

"The Trial Court erred in sustaining Plaintiff's demurrer to the Defendant's Plea 9 of his amended pleas in answer to Plaintiff's complaint."

■ Appellant contends that the demurrer to the plea is general and should not have been sustained. Title 7, § 236, Code 1940; also Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519 (1–3), wherein this court observed:

"This statute [supra] prohibits a general demurrer at law. But in order to review a ruling on the demurrer there must be in the record a formal judgment of the court in that respect."
Also we observed in the same case:

"The demurrer specifies no matter of substance as a defect in the pleas, and for that reason it should not be sustained."

But the impact of sustaining a general demurrer to the pleadings was mitigated in DeLeon v. Walters, 163 Ala. 499, 50 So. 934(3), wherein we said:

" * * * But where, as in the case sub judice, it plainly appears that the plea could not have been amended so as to make it good, the technical error of the court in sustaining a general demurrer is error without injury."

See also Ryall v. Allen, 143 Ala. 222, 38 So. 851.

We do not think that appellant's Plea 9 could have been amended to · embrace a defense outside the decree of the trial court. The decree is embraced in Plea 9 and becomes a part thereof. Its material contents appear in this opinion, supra.

■ The decree does not adjudicate, impliedly or otherwise, that the appellant Hendrix was not driving the automobile involved in the accident. In fact, the verdict of the jury does not so assert. The jury's verdict reads:

"We * * * cannot find that Herbert E. Hendrix was the driver of the automobile involved in the accident * * *."

This falls short of a positive finding that he was not the driver. A judgment is essential to the operation of the doctrine of res judicata. 30–A Am.Jur. § 339, p. 383.

■ Appellant requested and assigns as error No. 10 the refusal of the trial court to give appellant's requested written charge No. 1 as follows:

"The court charges the jury that if you believe the evidence in this case, you must return your verdict for the Defendant."

Appellant in requesting the aforequoted charge is governed by our pronouncements that a charge affirmative in nature will be refused in a civil case if the evidence, or reasonable inferences therefrom, and viewing the evidence for the plaintiff in the most favorable light, furnishes a mere glimmer, spark, or smallest trace in support of an issue. Hartford Accident & Indemnity Company v. Cosby, 277 Ala. 596, 173 So.2d 585(8). If there is a scintilla of evidence or inference therefrom unfavorable to party requesting general affirmative charge, it should be refused. Liverpool & London & Globe Insurance Company, Limited, of England v. McCree, 213 Ala. 534, 105 So. 901.

Appellee (plaintiff) testified that he was hit by an automobile as he was walking down Canal Street and was going to cross Broad Street; that he was crossing Broad,

in Mobile, when he was hit; that he was on the corner walking across.

On cross-examination plaintiff was asked the following question and answer given thereto:

"Q. You were about a quarter or half block from the intersection when you crossed the street; do you remember that?

"A. I was right where you are supposed to cross. I was right on the walkway across there."

There was some evidence of physical surroundings and findings of debris by witnesses that contradicts the evidence of plaintiff that he was crossing the intersection as he testified when he was hit. The testimony of the plaintiff on the issue meets the scintilla rule if no more.

Plaintiff established the ownership of the alleged offending automobile by the registration of the vehicle and the license tag number in the office of the Commissioner of Licenses in Mobile County. The license tag was issued in the name of appellant.

It appears from the evidence that the windshield of defendant's (appellant's) automobile had a hole in it and that the automobile contained shattered glass. Dr. Nelson Grubbs, State Toxicologist, testified that he took some glass from the automobile and compared it with the glass he took from defendant's clothes; that he tested and compared the same taken from defendant and that it was identical in all respects to the glass in the windshield; that it fitted jig-saw fashion into the pattern of the re-assembled glass that he took from the windshield. Further, he stated that in his opinion the glass from the clothes of defendant and the glass from the automobile came from the same windshield.

Plaintiff introduced in evidence the pre-trial depositions of defendant. This testimony showed that defendant, on March 18, 1967, the date of the accident when plaintiff was injured, owned an automobile meeting the description of the one with the broken windshield. He had the windshield repaired. It was shattered with BB shot and the right side was broken. He stated that he drove the car on March 18, 1967. He contended that he loaned the automobile to a friend of his called Pete; that he was at Congress and Pine when he let this friend have the car. He stated that he left home at approximately 11:30; that Pete was gone about twenty or thirty minutes when he brought the car back and handed him the keys. He said further that he drove the car to three different taverns, naming them, before he was arrested at the Stardust; that the car had only small BB holes shot in it when he let Pete have it, but it came back in a damaged condition; that he was driving it from tavern to tavern, which he had named, while it was damaged. He testified that he drove the car across town and that he passed the intersection of Canal and Broad Streets, but he did not hit anything. He did not remember what time it was when he discovered that the windshield had a hole in it, but stated:

"It was after the Hop was over. * * When I had left there and went to the Moonlight it was like that when I got there. * * * It was after Pete drove it."

He further stated that he got home and washed up and ate about 10:30, which took about forty-five minutes, but it was before midnight when he passed Canal and Broad Streets. He testified that he did not have any blood on his clothes or on himself.

"* * * until I brushed back the thing there because I didn't want it in my face."

He stated that he brushed glass off the dashboard and might have got some on his hand. He also said that he drove the car with the windshield "busted out" from Congress and Pine to the Moonlight social club, and

"The police took my clothes off me and they were the clothes I was wearing that night."

Defendant further contended in his testimony that Pete was not on any business for him and that he did not ask him to go anywhere for him or anybody else; that he was driving the car on his own business.

We conclude that there was sufficient evidence from which the jury could draw an inference that plaintiff was hit while crossing Canal and Broad at a crosswalk; that the automobile of defendant hit him; that defendant (appellant) was driving the car when it came in contact with the person of plaintiff (appellee). We are not here concerned with the weight of the evidence, but only with the demand of the scintilla rule, supra. We consider it unnecessary to delineate further evidence.

As we have already pointed out, plaintiff testified that he was crossing Broad Street at the intersection of Broad and Canal, and that he was "right on the walkway across there." At another time he testified that he was crossing Broad where there was a 7-Up Bottling place on the corner. Further, there was testimony that there were no traffic control signals in place or in operation at the time.

Section 58(15) (a), Title 36, Code 1940 reads:

"When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

The jury could have drawn an inference from the plaintiff's testimony that he had entered the intersection and was in the act of crossing the street in the walkway when he was hit by the automobile; that the driver of the offending car failed to yield the right of way by slowing down or stopping. There is no evidence that plaintiff suddenly left the curb or other place of safety and walked or ran into the path of the offending automobile which was so close to him that it was impossible for the driver to yield. If such an inference could have been drawn, then the verdict indicated that the jury was not so impressed.

■ Failure of the driver of the offending automobile to yield the right of way in obedience to the statute, supra, constituted negligence that proximately contributed to plaintiff's injuries received at the impact with his person as alleged in the complaint. See Simpson v. Glenn, 264 Ala. 519, 88 So. 2d 326(2), wherein we held:

"* * * that the violation of a traffic ordinance or rule of the road constitutes negligence per se and a person proximately injured thereby may recover for such injuries against the violator of the law if suing and if the plaintiff is guilty of such conduct which proximately contributes to his injuries that constitutes a defense of contributory negligence to a simple negligence charge." See cases cited.

We have addressed only the two assignments of error (2 and 10) which were argued. These assignments are without merit.

■ Likewise is Assignment 11 which charges that the court erred in refusing appellant's written Charge 2. This charge directs the jury, without hypothesis, to return a verdict for defendant. Appellant in his brief adopts his argument in support of Assignment 10.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, and McCALL, JJ., concur in the result.