## Case No. 9,624.

MILWARD v. McSAUL

[8 Betts, D. C. MS. 71.]

District Court, S. D. New York. Nov. 24, 1846.

COURTS—FEDERAL JURISDICTION—UNITED STATES CONSUL AT FOREIGN PORT.

[A federal district court has no jurisdiction under Const. U. S. art. 2, § 2, or Act Sept. 24, 1789, § 9 (1 Stat. 76), or otherwise, merely because one party is a United States consul at a foreign port.]

[This was an action on the case by Joseph M. Milward against Enos McSaul, Jr., for false imprisonment. Heard on demurrer to the declaration.]

W. C. Barrett, for plaintiff.
F. R. Sherman, for defendant.

PER CURIAM. This action is prosecuted against the defendant for a false imprisonment and other injuries committed by him, at Laguina, he then being consul of the United States at that port. The special causes of demurrer assigned are that the declaration sets forth no cause showing that the defendant had jurisdiction as consul of the subject matter which is made the gravamen of the action and that accordingly case cannot be maintained, whatever wrong the plaintiff may have sustained by means of his arrest and imprisonment. The points discussed in the written argument have relation to the form of action brought, and the necessity of averring facts showing the subject matter within the jurisdiction of the defendant. But there is a paramount difficulty in the case, which is raised by the

general demurrer and must be disposed of by the court, although it has not been discussed by the counsel. This is a common law action brought in the district court upon the assumption that Const. U. S. art. 2, § 2, declaring that the judicial powers of the United States, shall extend to "all cases affecting ambassadors, other public ministers and consuls," and section 9 of the judiciary act of September 24, 1789, enacting that the United States district courts shall have jurisdiction, exclusively of the courts of the several states, of all suits against consuls, &c., &c., apply as well to persons holding the appointment of consuls under the authority of the United States as to consuls of foreign governments, resident within the United States. Most manifestly this is not so. A consul has no official character in his own country. He is no more than a private citizen in view of the laws of his own government, and is clothed with a privilege only in respect to the foreign nations where he represents his government and exercises his consular functions. This must be clearly so on the principles which originate and guaranty his privilege. 1 Kent, Comm. 41–45; 3 Story, Const. Law, 1652–1655. It results necessarily from the fact that he acquires no official character within the jurisdiction of our laws. That character is communicated to him on his recognition by the foreign government to which he is delegated and continues only with the exercise of his functions there.

Without considering the point raised as to the frame of the pleadings, or other special questions presented by the arguments, I am bound to declare that this court has no jurisdiction in a personal action at common law, sued against a consul of the United States. Judgment must be rendered, accordingly, for the defendant on the demurrer.