## EX PARTE GRUBER.

No. —. Original. Motion for leave to file petition for mandamus, November 23, 1925.—Decided December 14, 1925.

The provision of the Constitution granting this Court original jurisdiction " in all cases affecting Ambassadors, other public Ministers and Consuls " refers to diplomatic and consular representatives accredited to the United States by foreign powers, and not to those representing this country abroad.

Leave to file denied.

APPLICATION for leave to file a petition and for a rule directing the consul general of the United States at Montreal to show cause why .a writ of mandamus should not issue against him.

*Mr. Marcus Gruber,* pro se.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an application for leave to file a petition and for a rule directing Albert Halstead, Consul General of. the United States at Montreal, Canada, to show cause why a writ of mandamus should not issue commanding him to visa the passport or the certificate of origin and identity presented to him by one Rosa Porter, a citizen of Russia, who recently arrived in Montreal from Russia and from whom petitioner, a relative, desires a visit in the United States of several months' duration. We do not review the averments of the petition, since, other questions aside, it is clear that this court is without original jurisdiction.

Article III, § 2, cl. 2, of the Constitution provides that this court shall have original jurisdiction "in all cases affecting Ambassadors, other public Ministers and Consuls." Manifestly, this refers to diplomatic and consular representatives accredited to the United States by foreign powers, not to those representing this country abroad. *Milward* v. *McSaul,* 17 Fed. Cas. 425, 426, No. 9624. The provision, no doubt, was inserted in view of the important and sometimes delicate nature of our relation. and intercourse with foreign governments. It is a privilege, not of the official, but of the sovereign or government which he represents, accorded from high considerations of public policy, considerations which plainly do not apply to the United States in its own territory. See generally *Davis* v.

*Packard,* 7 Pet. 276, 284; *Marshall* v. *Critico,* 9 East 447; *Valarino* v. *Thompson,* 7 N. Y. 576, 578; *The Federalist,* No. 80, Ford's Ed., pp. 531, 532-533, 537.

> *The application is denied for want of original jurisdiction.*