[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13731

Non-Argument Calendar

————————————————

PATRICK ROETHER,
HOLLIE ROETHER,

Plaintiffs-Appellants,

*versus*

STATE OF GEORGIA,
STATE OF TENNESSEE,
COUNTY OF MCINTOSH,
MCINTOSH COUNTY DFCS,
COUNTY OF BENTON, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:21-cv-00083-LGW-BWC

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Patrick and Hollie Roether ("Roethers") filed a 759-paragraph complaint against 152 defendants. They alleged that the defendants had a broad conspiracy to remove children from the custody of their parents to profit from increased federal funding, and to illegally arrest parents who protested their actions. The Roethers's claims arise from their interactions with this alleged conspiracy.

On appeal, the Roethers challenge several rulings made by the district court. They argue that the district court abused its discretion in (1) dismissing their complaint as a shotgun pleading; (2) staying discovery pending resolution of the motions to dismiss; (3) refusing to let them file electronically; (4) denying their motion for sanctions against defendant Dr. John Ledwich; and (5) refusing to transfer their case to the U.S. Supreme Court. Finally, they argue that the district and magistrate judges should have *sua sponte* recused themselves because their rulings indicate they were not impartial. After review, we affirm on all issues.

## I.    Background

On September 7, 2021, the Roethers filed their initial 93-page complaint against 40 named defendants and 100 unnamed "Doe" defendants, asserting a variety of allegations related to numerous different events.  After the named defendants moved to dismiss, the district court found that the complaint was a shotgun complaint and ordered the Roethers to replead their claims.  Because it ordered the Roethers to amend their complaint, it denied the pending motions to dismiss.  The court gave the Roethers two weeks to amend their complaint and provided them with instructions on how to avoid dismissal.[1]

On May 23, 2022, one day before the amended complaint was due, the Roethers moved for an extension.  The court granted the Roethers an extension until May 31, 2022.  On May 31, the Roethers filed an amended complaint, but it was the wrong version.  Thus, on June 6, 2022, the Roethers moved the district court to allow them to file the correct complaint.  The court granted the motion.

---

[1] The district court advised as follows:

> Plaintiffs' amended complaint 1) must assert only relevant allegations of fact and law in each count of their complaint and explain their connection to each defendant, 2) clearly identify the specific defendants against whom each claim is asserted, 3) avoid vague, generalized, conclusory, and contradictory assertions, and 4) avoid incorporating prior counts into those which follow.

The Roethers's amended complaint asserted 28 claims against 152 defendants[2] over the course of 149 pages and 759 paragraphs. The Roethers alleged that the defendants have a broad conspiracy to remove children from the custody of their parents "for a profit and a gain of Federal, State, and County Funding" and to illegally arrest parents who protest their actions. The Roethers asserted numerous claims and violations of their rights related to this alleged conspiracy.[3]

The defendants again moved to dismiss, arguing that the amended complaint was a shotgun complaint. The district court held that, despite instructing the Roethers on how to fix their complaint and allowing them to file two amended versions of it, it still contained many "conclusory, vague, and immaterial facts," set forth "multiple causes of action in single counts," and made "multiple claims against multiple defendants under single counts."

---

[2] The defendants include several counties—McIntosh County, Brantley County, Benton County, Houston County, Carroll County, Williamson County—and their employees; the states of Georgia and Tennessee; South Georgia Medical Center; Dr. Ledwich; Dr. Daniel Collipp; and 100 unnamed defendants.

[3] Their claims include, for example, allegations of illegal searches and arrests, claims related to their treatment while detained, claims related to the custody and medical treatment of their children, claims related to false statements and procedural irregularities in state court, claims under the False Claims Act, and claims against Georgia and Tennessee for "deceptive business practices." Notably, the Roethers alleged that they were "citizens of the Kingdom of Y'Israel," and, therefore, they were not subject to the laws of the United States or the laws of any state.

Accordingly, the district court dismissed the amended complaint with prejudice as an impermissible shotgun pleading.

Along with dismissing the Roethers's complaint as a shotgun pleading, the district court made four procedural rulings that the Roethers challenge on appeal.

First, after filing their initial motions to dismiss, some defendants moved to stay discovery pending resolution of the motions to dismiss. The magistrate judge granted the stay. It reasoned that some defendants were likely to achieve dismissal for various reasons, including colorable claims of immunity from suit, and that discovery would not be necessary to meet the defendants' non-factual defenses. After the original motions to dismiss were denied, several defendants refiled their motion to stay discovery pending the resolution of anticipated renewed motions to dismiss. By the time the district court considered the motion to stay, the renewed motions to dismiss had been filed. The district court ultimately granted the motion to stay over objection by the Roethers.

Second, the Roethers moved to file electronically. The magistrate judge denied this motion based on the local administrative rules. The Roethers later moved to serve the defendants by e-mail, to receive documents by the e-mail filing system, and to file with the court via e-mail. Again, the magistrate judge denied this motion based on the local rules, as well as the Federal Rules.

Third, after the Roethers first moved to amend their complaint, defendant Ledwich responded that the motion should not be granted because an amendment would be futile, the many extensions and missed deadlines suggested the Roethers were acting with dilatory motives, and the Roethers had burdened the court with repetitive motions. The Roethers moved for sanctions against Ledwich and his counsel for making these arguments. The magistrate judge denied the motion, reasoning that sanctions were not appropriate because Ledwich's statements had a reasonable factual basis, were based on a reasonable legal theory, and were not clearly made in bad faith. The district court overruled the Roethers's objections.

Fourth, the Roethers moved to transfer their case to the U.S. Supreme Court. They argued that, because Mr. Roether is allegedly an "Ambassador for the Kingdom of Y'Israel,"[4] the Supreme Court had original jurisdiction over their case. The district court denied the motion, reasoning that the Kingdom of Y'Israel is not a nation recognized by the United States.

The Roethers appealed.

## II.    Discussion

On appeal, the Roethers argue that the district court erred by (1) dismissing their complaint; (2) granting a discovery stay

---

[4] According to the Roethers, the "Kingdom of Y'Israel is a nation made up of the men and women which are chos[]en by God to be his people and who obey his Torah."

pending resolution of the motions to dismiss; (3) denying their motions to proceed electronically; (4) denying their motion to sanction Ledwich; and (5) denying their motion to transfer the case to the U.S. Supreme Court. They also argue that the district and magistrate judges should have *sua sponte* recused from the case due to their perceived lack of impartiality. After careful review, we affirm on all issues.

A. *Whether it was an abuse of discretion to dismiss the Roethers's complaint as a shotgun pleading.*

The Roethers argue that the district court abused its discretion in dismissing their complaint as a shotgun pleading.

"We review a dismissal on Rule 8 [of the Federal Rules of Civil Procedure] shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). The district court does not abuse its discretion "so long as [its] choice does not constitute a clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) (quotation omitted).

District courts have an inherent power to control their docket. *Vibe*, 878 F.3d at 1295. This power includes "the ability to dismiss a complaint on shotgun pleading grounds." *Id.* Shotgun complaints violate Rule 8 by failing to provide a short and plain statement and by failing to provide defendants with adequate notice of the claim against them. *Id.*; Fed. R. Civ. P. 8(a)(2). We have "little tolerance" for shotgun complaints, which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the

public's respect for the courts." *Id.* (alterations adopted) (quotation omitted). "And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Albra v. Advan*, 490 F.3d 826, 829 (11th Cir. 2007).

There are four main types of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate each claim for relief into a different count; and (4) a complaint that alleges multiple claims against multiple defendants in each count, without identifying which defendants are responsible for which claims or which of the defendants the claim is against. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

If a court identifies that a complaint is a shotgun complaint and the plaintiff is proceeding *pro se*, the court must give the plaintiff one chance to replead, with instructions on the deficiencies. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but leaving rule as to *pro se* plaintiffs intact); *see also Vibe*, 878 F.3d at 1295–96. If the amended complaint does

not remedy the defects and the plaintiff does not move to amend, then the court may dismiss the complaint. *Vibe*, 878 F.3d at 1296. The district court did not abuse its discretion in dismissing the Roethers's amended complaint. As the district court noted, the Roethers's amended complaint "commit[ted] three of the four 'sins' of shotgun pleadings . . . ."

First, the amended complaint included many "conclusory, vague, or immaterial facts" that were "not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. For example, the complaint's sixteen-page "Introduction" includes many immaterial facts about the Roethers's religious beliefs, marital relationship, and their rejection of government authority. And despite the district court cautioning the Roethers to trim the facts from the original complaint, the amended complaint "ballooned" from 93 to 149 pages, and from 355 to 759 paragraphs.

Second, the Roethers do not separate their "claims for relief" into separate counts. For instance, their first claim for relief alleges eight unlawful arrests against both Patrick and Hollie Roether spanning over nine years in two states, in addition to several unlawful searches of their dwelling. Their second claim for relief deals with the custody of their five children over seven years in two states. And their twenty-fifth claim for relief alleges several defendants violated the Fifth, Sixth, and Fourteenth Amendments.

Third, the Roethers allege multiple violations by multiple defendants without identifying which defendant is responsible for which wrong. For example, their seventeenth claim for relief

alleges that different combinations of defendants, both named and unnamed, illegally provided medical examinations and treatment to Y.R. and L.R.

Given that the amended complaint was the third complaint the district court allowed the Roethers to submit, and the district court gave the Roethers a prior opportunity to amend and specific instructions on how to avoid dismissal, dismissal was an appropriate remedy. Thus, the district court did not abuse its discretion in dismissing the amended complaint with prejudice.

B. *Whether it was an abuse of discretion to stay discovery pending the resolution of the motions to dismiss.*

The Roethers argue that the district court abused its discretion in staying discovery pending the resolution of the renewed motions to dismiss because the defendants had not yet renewed their motions to dismiss when they moved to stay discovery.

"We review the district court's discovery rulings . . . for an abuse of discretion." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). Because of the great cost of discovery, "when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Staying discovery pending the resolution of renewed motions to dismiss was not an abuse of discretion because of the likely cost and complexity of discovery on the Roethers's 28

claims for relief. And while the Roethers argue that the defendants had not yet filed their renewed motions to dismiss when they moved to stay discovery a second time, the renewed motions to dismiss had been filed by the time the court granted the motion to stay discovery.

C. *Whether it was an abuse of discretion to prevent the Roethers from filing electronically.*

The Roethers argue that, because of the difficulties they face with paper filings, the district court abused its discretion by denying their motions to file electronically.

"We . . . review a district court's application of local rules for an abuse of discretion." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). Federal Rule of Civil Procedure 5 provides that a *pro se* litigant "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. (5)(d)(3)(B)(i). The Southern District of Georgia's local rules prohibit *pro se* litigants from filing electronically: "A party proceeding *pro se*, unless that party is an attorney in good standing and admitted to practice before the Bar of this Court, shall not file electronically." *See* S.D. Ga. Local R. 5.5 (cross-referencing the U.S. District Court for the Southern District of Georgia, Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means, which sets forth the above cited rule). The district court did not abuse its discretion in denying the Roethers's motions to file electronically based on the plain text of local rules which are specifically

authorized by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 5(d)(3)(B)(i).[5]

D. *Whether it was an abuse of discretion to deny the Roethers's motion for sanctions.*

The Roethers argue that the district court abused its discretion in denying their motion for sanctions against Ledwich because he made various false statements about their litigation efforts in one of his filings below.

We "review all aspects of a district court's [sanctions] determination for abuse of discretion." *Didie v. Howes*, 988 F.2d 1097, 1103 (11th Cir. 1993).  Sanctions are to be imposed when a pleading (1) has "no reasonable factual basis," (2) "is based on a legal theory that has no reasonable chance of success" and is not "a reasonable argument to change existing law," or (3) is "in bad faith or for an improper purpose." *Id.* at 1104 (quotation omitted).  This test is analyzed under an objective framework; "courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

---

[5] The Roethers also argue, for the first time on appeal, that the district and magistrate judges should have recused themselves because their rulings on electronic filing suggested the judges were not impartial.  But "rulings adverse to a party" do not "constitute pervasive bias" necessitating recusal. *Hamm v. Members of Bd. of Regents of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).  Thus, the district and magistrate judges did not err in failing to recuse themselves.

22-13731                Opinion of the Court                13

The district court did not abuse its discretion by denying the Roethers's motion for sanctions against Ledwich. Ledwich's statements that the Roethers were delaying in bad faith and filing repetitive motions had a reasonable factual basis. For example, the Roethers filed many motions for e-filing and venue that delayed the proceedings, and so Ledwich's motion had some reasonable chance of success. Finally, the Roethers presented no reason to think that Ledwich's statements were made in bad faith or for an improper purpose.[6]

---

[6] The Roethers also argue that the district court abused its discretion in failing to transfer the case to the U.S. Supreme Court. They argue that because Patrick is allegedly an ambassador of the Kingdom of Y'Israel, and they are suing, among others, the State of Georgia and the State of Tennessee, they are entitled to original jurisdiction in the Supreme Court.

The district court did not abuse its discretion. While the Supreme Court has original jurisdiction over cases involving ambassadors and cases in which a state is a party, U.S. Const. art. III, § 2, cl. 2, it does not appear Patrick is an ambassador "accredited to the United States by [a] foreign power[]," as the Kingdom of Y'Israel is not recognized by the United States. *See Independent States in the World*, U.S. Department of State, https://www.state.gov/independent-states-in-the-world/ (last accessed Jan. 12, 2024) [https://perma.cc/SBN9-72UR] (The State Department list of the 195 independent countries recognized by the United States includes the "State of Israel" but not the "Kingdom of Y'Israel"); *see also Ex parte Gruber*, 269 U.S. 302, 303 (1925) (Ambassadors are "diplomatic and consular representatives accredited to the United States by foreign powers[.]"). Nor is this a case "between" states, as Tennessee and Georgia are both defendants. 28 U.S.C. § 1251(a).

### III.    Conclusion

For all the reasons discussed, we affirm the district court.

**AFFIRMED.**